## VAN SYCKEL et al., *Appellants*, v. BEAM.

### Division One, June 20, 1892.

1. **Homestead:** ESTATE OF WIDOW: EFFECT OF WILL: NOTICE. Under the law as it existed March 10, 1875, the homestead, upon the death of the husband, passed to and vested in his widow absolutely, subject only to the rights of the minor children during their minority; and the title of her grantee is not affected by her husband's will, accepted by

her, giving her a life-estate only, where the will was not recorded in this state, and her grantee had no knowledge of its existence.

2. **Will, Probate of in Another State**: CONSTRUCTIVE NOTICE. One dealing with land situate in this state is not charged with constructive notice of a will probated in another state. The will must be probated in this state, or a copy thereof and of the foreign probate be recorded here, pursuant to the provisions of the statute, before the purchaser is charged with constructive notice of it.

3. **Innocent Purchaser**: SALE TO ONE WITH NOTICE. A purchaser without notice may sell and convey a good title to one having notice.

*Appeal from Barton Circuit Court.*—HON. D. P. STRATTON, Judge.

AFFIRMED.

*D. B. Van Syckel* for appellants.

(1) If Anson W. Courtright had died without making a will, the real property in controversy would probably, under the law in force at the time he died, have become the property of Mary A. Courtright, his widow, in fee. Thompson on Homesteads, secs. 586–588; *Skouten v. Wood*, 57 Mo. 380. (2) Anson W. Courtright left a will, and the widow elected to take under it, and those claiming under her are bound by that election. 2 Story on Equity Jurisprudence [13 Ed.] secs. 1094–1096.

*R. J. Tucker* and *H. C. Timmonds* for respondent.

(1) The homestead passed to the widow in fee simple absolute, subject only to the right of the minors until they attained their majority. Wagner's Statutes, sec. 5, p. 698; *Skouten v. Wood*, 57 Mo. 380. And by the sale and conveyance from the widow to Minor T. Hadley, November 29, 1879, said Hadley became the absolute owner in fee of the land in controversy. At that date there were no minors. The defendant holds by mesne conveyances from Hadley. There is no pre-

tense that Hadley was not an innocent purchaser for value. (2) Anson W. Courtright left no other land than the homestead; and the personal property consisted of two horses, one cow, one wagon, three hogs, two plows, one cultivator, one harrow, one double-shovel plow and the household goods—all stated to be of the value of $450 to $500. All this personal property became the widow's absolutely, under sections 33, 34 and 35, page 68, Wagner's Statutes. Her husband's will gave her no more personal property than she was absolutely entitled to under the law; and it undertook to give her a less estate in the homestead land than the law gave her absolutely. The doctrine of election has no application where the property received is not greater than the widow would have the right to take under the law without reference to the will. *Burgess v. Bowles*, 99 Mo. 548, and citations. (3) The personal property given to the widow by sections 33, 34 and 35 of Wagner's Statutes, page 88, goes to her absolutely, and the husband has no power to dispose of it by will. *Hasenritter v. Hasenritter*, 77 Mo. 162. (4) A will, to be of any validity as a transfer of title to land, must be executed, attested and probated in the manner prescribed by the law of the state, where the land is located. *Keith v. Keith*, 97 Mo. 223.

BLACK, J.—This was an ejectment for eighty acres of land in Barton county. The plaintiffs appealed from a judgment for defendant, and their claim now is that they are entitled to the three-sevenths of the land. The evidence for defendant shows that Anson W. Courtright died on the tenth of March, 1875, leaving a widow, Mary A. Courtright, and seven children, three of whom were minors. He owned and resided upon this land at the time of his death, and it constituted his homestead, being less than $1,500 in value. This

land, and personal property, valued at $450 or $500, constituted his entire estate. On the twenty-ninth of November, 1879, the widow conveyed the land to Minor T. Hadley by a deed of warranty, professing thereby to convey the fee simple. This title passed to Charles H. Morgan by some four or five mesne conveyances. The defendant Beam is the tenant of Morgan.

The plaintiffs claim title to the three-sevenths by virtue of the following facts: Anson W. Courtright died leaving a last will whereby he devised all of his property, real and personal, to his wife for her life. She moved from this property in this state to Crawford county in the state of Kansas in January, 1876, a little less than a year after the death of her husband, taking with her the children and the unsold personal property. She caused the will to be probated in Crawford county, Kansas, in October, 1876, and at the same time "in open court accepted the terms of the will," and took out letters of administration with the will annexed. This will was probated in Barton county, this state, in November, 1886. In 1884 and 1886 three of the heirs of Anson W. Courtright executed deeds to persons from whom the plaintiffs claim by mesne conveyances. The widow Courtright died in April, 1882.

The admitted facts show that the land was the homestead of Anson W. Courtright at the time of his death. As the law then stood, the homestead passed to and vested in his widow absolutely, subject only to the rights of the minor children during their minority. *Skouten v. Wood*, 57 Mo. 380. Her deed to Hadley, dated the twenty-ninth of November, 1879, vested in him a perfect title in fee simple, for the children were then all of age, unless her estate was cut down to a life-estate by her acceptance of the will; and it is upon this fact that the plaintiffs place their whole reliance for title.

Van Syckel v. Beam.

Though the will was probated in Crawford county, Kansas, in October, 1876, it was not recorded or probated in this state until November, 1886, eleven years after the death of the testator, and seven years after the date of the deed from the widow to Hadley. A person dealing with land situate in this state is not charged with constructive notice of a will probated in another state. The will must be probated here, or a copy thereof and of the foreign probate be recorded here, pursuant to the provisions of our statute, before the purchaser is charged with constructive notice of it. This we held in *Keith v. Keith*, 97 Mo. 223.

It is unnecessary to consider what would be the effect of the acceptance of the provisions of this will by the widow, as to those who had actual notice of the will and the acceptance thereof; for there is no evidence, showing or tending to show, that Hadley had any notice or knowledge that the deceased left a will. He knew nothing about the will or the acceptance of its provisions by the widow, and he occupies the same position that he would if Courtright had died intestate.

There is, it is contended, evidence from which it may be inferred that some of the persons holding under Hadley knew that the heirs, or some of them, set up a claim to the land. Such evidence as this, standing alone as it does, is of little value to charge such persons with notice of the will and the acceptance thereof by the widow. But, be all this as it may, there is no evidence that Hadley had any knowledge of the existence of the will. The persons holding under him acquired and succeeded to all of his rights. A purchaser without notice may sell and convey a good title to one having notice. We see no error in the record, and the judgment is affirmed. BARCLAY, J., absent. The other judges concur.