## CITIZENS' BANK OF PARKER V. SHAW.

1. Where the mortgagor of land paid the debt to the original mortgagee, who, having assigned the mortgage without any written transfer, gave a release of the mortgage, the fact that the release was dated a day later than the acknowledgement did not charge subsequent purchasers of the land with notice of the equity of the assignee on the ground that it was sufficient to put them on inquiry, since the certificate of the notary proved the execution of the release, and, it being recorded, was notice of satisfaction.

2. A mistake of the register in inserting "State of Wisconsin" instead of "State of Missouri" in the venue of the release of a mortgage could not have the effect of putting the purchasers of the land on inquiry, it not appearing they knew there was no such county in Wisconsin as that given in the venue, and the only fact material for them to know being that the mortgage was satisfied of record.

3. Comp. Laws, § 3249, declares that from the use of the word "grant" in any conveyance there shall be implied covenants on the part of the grantor that the grantor has not previously conveyed the same estate or any interest therein, and that it is free from incumbrances made or suffered by him. *Held*, that where the mortgagor of land paid the debt to the original mortgagee, who, having assigned the mortgage without a written transfer, executed a release, and the land was purchased by defendants, and shortly before one who held the title as security for a debt had deeded it to the mortgagor by a deed reciting that the grantor granted, bargained, and sold the premises, a contention that the purchases, as to the assignee of the mortgage, were not bona fide purchasers by reason of the deed to the mortgagee being a quitclaim, was not well taken, since, under Section 3249, and in view of the fact that it contained none of the operative words of a quitclaim, it could not be regarded as such.

4. Where the mortgagor of land paid the debt to the original mortgagee, who, having assigned the mortgage without any written transfer, gave a release of the mortgage, and the land was subsequently sold by the mortgagor, and in a suit to foreclose the mortgage the purchasers at the close of the trial submitted an affidavit by their attor-

ney that he had inadvertently omitted to prove his client's bona fide purchasers, the opening of the case for the reception of such evidence was not error.

5. Where the mortgagor of land paid the debt to the original mortgagee, who, having assigned the mortgage without any written transfer, gave a release thereof, and the property was subsequently purchased by defendants, who, in part payment, assumed a mortgage, and exe-. cuted their notes to a bank in payment of a claim due the bank from the mortgagor, the assignee was not entitled to recover the amount of the notes because of notice of the rights of the assignee having been brought to defendant's prior to payment of the notes, since the assumption of the mortgage and acceptance of the note by the bank constituted a payment of the entire consideration.

(Opinion filed December 31, 1900.)

Appeal from circuit court, Turner county. HON. E. G. SMITH, Judge.

Action by the Citizen's Bank of Parker against Frank W. Shaw and others. From a judgment in favor of defendants, plaintiff appeals. Affirmed.

The facts are stated in the opinion.

*W. E. Gantt* and *W. A. Houts, for appellant.*

*Kieth & Warren,* for respondents.

CORSON, J. This is an action by the plaintiff to foreclose a mortgage of which it claims to be the owner, executed by Frank Shaw and wife to one Dewey Shaw in October, 1891, to secure the sum of $800. Findings and judgment for the defendants, and the plaintiff appeals.

The respondents Gruenevilde and Wumkes claim to be the owners of the property mortgaged, having purchased the same from Frank Shaw and wife in December, 1892, in good faith, for a valuable consideration, and without notice of plaintiff's claim to the premises. The defendants, Frank W. Shaw, Mary J. Shaw, and

Dewey Shaw, having no actual interest in the property in controversy in this action, will be disregarded as respondents, and we shall treat the purchasers of the property, Groenevilde and Wumks, as the real respondents for the purposes of this decision. It is disclosed by the record in this case that there was no written assignment of the mortgage in this case from Dewey Shaw and wife to the plaintiff, and that, prior to the purchase of the property by the respondents, the mortgage was paid by the original mortgagors, and satisfied by the mortgagees, and the satisfaction recorded in the office of the register of deeds of Turner county, in which county the property was situated. This satisfaction of the mortgage bears date November 11, 1892, but appears to have been acknowledged on the 10th day of November, 1892. It further appears that about the time the respondents purchased the property the legal title to the same stood in the name of L. E. Lord, an officer of the First National Bank of Parker, as security for a debt owing by Frank Shaw to said bank, and that said Lord reconveyed the legal title to Frank Shaw by a special deed of warranty, and that thereafter Frank Shaw and wife conveyed the property to the respondents by a deed with full covenants of warranty. It further appears, upon the case being reopened for the admission of evidence before findings of fact were made and judgment entered, that the respondents paid to Frank Shaw at the time of the purchase of the property $500 in cash, executed two notes of $500 each to the First National bank to pay the indebtedness of said Frank Shaw to said bank, and assumed a prior mortgage upon the property of $1,000, which they stipulated in the deed to pay. In recording the satisfaction of the mortgage executed by Dewey Shaw and wife a mistake was made by the register of deeds in the venue of the certificate of acknowledgment of the same, in that it appears to have been executed and acknowledged in Taney

county, "State of Wisconsin," whereas it was in fact executed and ac-
knowledged in Taney county, "State of Missouri." The appellant
contends: First, That in the acknowledgment of the satisfaction of
the mortgage it appears to have been taken on the 10th day of No-
vember, and the satisfaction is dated the 11th day of November, from
which appellant claims that it should be inferred that it was acknowl-
edged before it was executed; and that in the record of the satisfac-
tion, through mistake of the register of deeds, the venue of the
acknowledgment was recorded "State of Wisconsin" instead of
"State of Missouri;" and that these defects in the record of the sat-
isfaction of the mortgage were sufficient to put the purchasers upon
inquiry, and were notice that there was an outstanding equity. Sec-
ond, That the special warranty deed from Lord to Frank Shaw was,
in effect, a quitclaim, and of itself was sufficient to put the purchasers
upon inquiry. Third, That at the time the trial was concluded and
the case taken under advisement by the court there was no evidence
on the part of the respondents that they were purchasers for value, in
good faith, and without notice. Fourth, Assuming that the court
was authorized to open the case, and admit further evidence, after
the case was submitted to it, it does not appear from the evidence
when the respondents paid their notes given as a part of the purchase
price, and hence that it must be inferred that they were not paid
until after the respondents had actual notice of appellant's claim,
and, therefore, to the extent of the consideration paid after the notice,
they were not bona fide purchasers, and that the appellant was entitled
to a foreclosure *pro tanto.*

It would seem from the evidence of the respondents that, while
they both saw the satisfaction of the Dewey Shaw mortgage on the
records of Turner county, neither of them noticed that the instrument
bore date a day subsequent to the acknowledgment; but, had they

done so, we are of the opinion that the fact would not have been sufficient to put them upon inquiry. It was not such an irregularity as would have excited the suspicion of an ordinary prudent man, and would very naturally have been taken as a mere clerical error in the dating of the instrument. In Fisher v. Butcher, 19 Ohio, 406, 53 Am. Dec. 436, a deed was offered in evidence dated January 6, 1842, and the certificate of acknowledgment bore date of January 6, 1840, two years before the date of the instrument. The court said: "It is only necessary that the acknowledgment should be taken after the deed is executed. It is not important that it should be taken at any specified time. It appears from the certificate that the deed was made at the time. It refers to it as the 'above conveyance,' and certifies to an acknowledgment of the signing and sealing thereof. The paper itself sufficiently shows an acknowledgment of the deed after its execution, and that the contradiction of dates arises from a clerical mistake." So we may say of the instrument in the case at bar, it sufficiently appears that it was executed before the acknowledgment was taken. The notary certifies that Dewey Shaw and Millie Shaw, his wife, to him personally known to be the same persons described in and who executed the above instrument, acknowledged to him that they executed the same voluntarily. This could not have been true unless the deed had then been executed. It therefore appears from the cer-tificate that the persons named were personally known to the officer to be the persons described in and who executed the instrument. The satisfaction was sufficiently proved by the certificate of the notary to entitle it to be recorded, and, being recorded, it was competent and sufficient constructive notice, as well as actual notice, to the purchasers, of the satisfaction of the mortgage debt. See, also Yorty v. Paine, 62 Wis. 154, 22 N. W. 137.

The mistake of the register of deeds in inserting "State of Wis-

consin" instead of "State of Missouri" was a mistake of a public officer, which cannot be held to affect these defendants. If it had the effect to put the subsequent purchasers upon inquiry, they would have found that the original instrument was properly executed in the state of Missouri; but we fail to see how a mistake of this nature could have had the effect of putting the purchasers upon inquiry. It was not shown that they, or either of them, knew that there was no county of Taney in the state of Wisconsin, and, so far as the evidence discloses, it could have made no difference to them whether the instrument was executed in Wisconsin or Missouri. The only fact material for them to know was that the mortgage of record against the property they were purchasing was satisfied of record. The error, therefore of the register of deeds did not invalidate or affect the satisfaction of the mortgage. The duty of correctly recording instruments is imposed by law upon the register of deeds; and when an instrument proper in form and properly acknowledged is delivered to the register of deeds, and his fees paid, the duty of the party delivering the instrument is performed, and, unless a party is actually misled by an error in recording the instrument, no rights are affected by the mistake. In Parrish v. Mahany, 10 S. D. 276, 73 N. W. 97, this court said (quoting section 3272, Comp. Laws, which reads as follows: "An instrument is deemed to be recorded when, being duly acknowledged, or proved and certified, it is deposited in the register's office with the proper officer, for record") "Under statutes which make the instrument operative as a record from the time it is filed for record, the better rule seems to be that the grantee should be regarded as having discharged his entire duty when he has delivered his instrument, properly executed and acknowledged, or proved and certified, to the recording officer, and as being in the same attitude as if the instrument were at that moment correctly spread upon the record

book, and that no subsequent mistake can deprive it of its operation as a recorded instrument. 2 Jones, Real Prop. § 1472." Fisher v. Butcher, 19 Ohio, 406; Yorty v. Paine, supra; Brooke's Appeal, 64 Pa. St. 127. We are clearly of the opinion, therefore, that there was no defect upon the face of the satisfaction of the mortgage or in the manner of recording the same that would put a prudent man upon inquiry, or which called for any further investigation of the title. 20 Am. & Eng. Enc. Law, 573, notes.

Appellant further contends that the deed with special covenants of warranty from Lord to Frank Shaw is, in effect, a quitclaim deed, and hence parties claiming under such a deed cannot be regarded as innocent purchasers; but we do not understand that in this state a conveyance made in the following language, viz: "That said party of the first part, for and in consideration of the sum of $1,200, * * has granted, bargained, sold, and conveyed, and by these premises does grant, bargain, sell, and convey, unto said party of the second part, and unto his heirs and assigns, forever, all of a certain piece or parcel of land in the county of Turner, state of South Dakota, described as follows,"—can be regarded as a quttclaim deed in any sense in which that term is used by the law writers. It will be noticed that it is a grant under our statutes, and carries with it certain implied warranties similar to the express warranties contained in the deed itself. In this jurisdiction a full warrnaty deed is not required in order to convey the title, and a party may, in a deed of grant, bargain and sale, omit all covenants of warranty entirely, or bind himself by such covenants as he chooses to insert in addition to those implied by the use of the word "grant" under the statute (section 3249, Comp. Laws) or restrained in express terms contained in such conveyance. In Parker v. Randolph, 5 S. D. 549, 59 N. W. 722, 29 L. R. A. 33, cited by the appellant, the deeds were not before

the court, not being set out in the abstract; and it was assumed by the majority of the court, as appears by the concurring opinion of MR. JUSTICE KELLAM, that the deeds were simply releases; hence the form of the deed now before us was not passed upon by that decision. In U. S. v. California & O. Land Co., 13 Sup. Ct. 458, 37 L. Ed. 354, in considering the deeds involved in that case, the court, speaking by MR. JUSTICE BREWER, said: "Now, the deeds from Pengra are not quitclaims. They do not purport to be merely releases of his right, title and interest, but are strictly deeds of bargain and sale. The granting clause is in these words: . 'The said parties of the first part have aliened, released, granted, bargained, sold, and by these presents they do alien, release, grant, bargain, sell, and convey, unto the said parties of the second part, their heirs and assigns, in proportions hereinafter specified, the equal undivided one-half (½) of all and singular the lands lying and being in the state of Oregon, granted or intended to be granted to the state of Oregon by act of congress, etc. And the habendum is "to have and to hold, all and singular, the lands and premises hereby conveyed, to-wit, said undivided one-half of all of the above described grant of lands, listed and to be listed, and all the right, title, and interest of the party of the first part herein.' Such a deed is clearly something more than one of quitclaim and release. it is a deed of bargain and sale, and will convey an after-acquired title. See, also, Moelle v. Sherwood, 13 Sup. Ct. 426, 37 L. Ed. 350. It will be observed that the deed at bar does not contain any of the operative words of a quitclaim deed, viz: "remise, release, and forever quitclaim." Bouv. Law Dict., tit. "Quitclaim." And. Law Dict., same title. The contention of the appellant, therefore, that the deed from Lord to Frank Shaw was such as to put the respondents on inquiry, is not ten-

able. The deed, being a regular grant, bargain and sale deed.
was effectual to convey title and an after-acquired title, and its fail-
ure to contain full covenants of warranty did not have the effect of
converting it into a quitclaim deed.

It is further contended that at the conclusion of the trial no evi-
dence had been introduced tending to prove that the respondents
were purchasers for value, in good faith, and without notice. The
essential elements which constitute a boni fide purchase are: (1)
A valuable consideration; (2) the absence of notice: and (3) the
presence of good faith. 2 Pom. Eq. Jur. 745; U. S. v. California
& O. Land Co., supra. It is quite clear, as contended by appellant,
that the defendants had failed to prove these facts at the time speci-
fied, but we are of the opinion that the court was authorized to admit,
as it subsequently did, proof of these facts. A formal motion was
made to the court for permission to prove these facts, based upon an
affidavit of the attorney that he had inadvertantly omitted to prove
them on the trial, stating fully and at large the cause or causes for
such inadvertence on his part. The admission or rejection of such
evidence was largely within the court's discretion and we are of the
opinion that there was no abuse of such discretion on its part. It is
further insisted on the part of the appellant that, assuming that the
court committed no error in subsequently admitting evidence of the
payment of a valuable consideration and that they made the purchase
in good faith and without notice, the appellant is still entitled to re-
cover of the respondent so much of the consideration as
had not been actually paid when they received the notice of the ap-
pellant's claim. Undoubtedly, the rule is that, where a portion of
the consideration has not been paid at the time a party has notice of
a prior existing equity, a court of equity can lay hold of so much of
the consideration as remains unpaid and apply it to the equitable

claim; but the rule has no application to this case, for the reason that the respondents had paid in cash $500, executed their promissory notes for $1,000 to the First National Bank in payment of the claim due from Frank Shaw to the bank, and assumed a $1,000 mortgage; and hence, in contemplation of law, the entire consideration had been paid. When the respondents had executed their notes directly to the bank, and the bank had accepted them, they were bound beyond the recall of the respondents, and they were liable to the bank upon the notes; and it was not material, so far as this case discloses, whether they were in fact paid to the bank or not at the time the respondents received the notice of the appellant's claim, for, if not paid, they were still liable for the amount to the bank. While we recognize the correctness of many of the appellant's legal propositions as to the effect of constructive notice, or of acts or facts which might put parties upon inquiry, we are of the opinion they have no application to the case at bar. After a very careful examination of the whole case, we are satisfied that the findings of the court and the conclusions of law drawn therefrom are right, and that the judgment of the court below should be affirmed. The judgment of the circuit court is affirmed.