BERNARDY v. COLONIAL & UNITED STATES MORTGAGE CO., Limited.

1. Civ. Code, § 947, subd. 4, declares that where a person purports, by a proper instrument, to grant real property in fee simple, and subsequently acquires any title or claim of title thereto, the same passes by operation of law to the grantee or his successors. Held, that where an entryman on public land conveyed it to defendant, by deed purporting to grant a fee simple title, before a patent was issued, on the subsequent issuance of the patent to the grantor the fee passed to defendant under the deed.

2. Under Civ. Code, §§ 915, 916, providing that a transfer is an act of the parties or of the law by which title to property is conveyed by one living person to another, and that a voluntary transfer is an executed contract, subject to all the rules of law concerning contracts in general, except that a consideration is not neccessary to its validity, a conveyance of real estate without consideration is valid as between the parties.

3. Civ. Code, § 943, provides that every grant of real property is conclusive against the grantor and every one claiming under him, except a bona fide purchaser or incumbrancer who acquires a title or lien by an instrument first duly recorded; and section 989 declares that the recording and deposit of any instrument for record shall be constructive notice of the execution of such instrument to all subsequent purchasers and incumbrancers. ˙Held, that where an entryman conveyed the property before receiving a patent by deed, which was immediately recorded, and after patent issued he mortgaged the property to another, the mortgagee was bound to take notice of the deed recorded before the patent, and acquired no interest in the property as against the grantee therein. FULLER. J , dissenting.

(Opinion filed Feb. 3, 1904.)

Appeal from circuit court, Kingsbury county; Hon. JULIAN BENNETT, Judge.

Action by William Bernardy against the Colonial & United States Mortgage Company, Limited. From a judgment in favor of plaintiff, defendant appeals. Reversed.

*French & Orvis,* for appellant.

A fee simple title is presumed to be intended to pass by a grant of real property, unless it appears from the grant that a lesser estate was intended. Subd. 2, section 3254, Compiled Laws.

Where a person purports by proper instrument to grant real property in fee simple, and subsequently acquires any title or claim of title thereto, the same passes by operation of law to the grantee, or his successors. Subd. 4, section 3254, Compiled Laws. Citizens Bank v. Shaw, 14 S. D. 197.

A record is only constructive notice to subsequent purchasers deriving title from the same grantor. Pomeroy Equity Jur. section 658.

The payment of a valuable consideration and good faith

are affirmative matters to be pleaded and proved by defendant. Farmers and Traders Bank v. Kimball Milling Co., 1 S. D. 388; Parish v. Mahaney, 12 S. D. 278.

A subsequent purchaser must plead and prove, by evidence other than the deed itself, a bona fide purchase without notice, previous to and down to the time of paying the money and delivery of the deed, and must explain circumstances from which notice can be inferred. Boone v. Chiles, 10 Pet. 177; Simmons Creek Coal Co. v. Doran, 142 U. S.437, 35 L. Ed. 1072; Smith v. Orton, (U. S.) 18 L. Ed. 62; Jewett v. Palmer, 7 Johnson's Ch. 65, 11 Am. Dec. 401; Nantz v. McPherson, 18 Am. Dec. 216; Johnson v. Toumlin, 52 Am. Dec. 219; Cummings v. Coleman, 62 Am. Dec. 406; Sillyman v. King, 36 Ia. 207; Nolan v. Grant, 5 N. W. 513; Lewis v. Lindley, 48 Pac. 765, (773); Richards v. Snyder, 6 Pac. 186; Weber v. Rothchild, 15 Pac. 650.

*E. S. Johnson* and *E. F. Green*, for respondent.

In order that a person may claim that he occupies the position of a bona fide purchaser, it is essential as one of the facts giving him this character that he has acquired his right for a valuable consideration. Delvin on Deeds, Vol. 2, Sec. 834. Parties who purchase from pre-emptors before patent can not maintain the position of bona fide purchaser as they purchase only an equity. Copp's Public Land Laws, page 919. Purchaser of land is chargeable with notice by implication of every fact effecting the title which would be discovered by an examination of the deed or other muniments of title of his vendor, and of every fact as to which the purchaser with reasonable prudence or diligence ought to become acquainted. Warvelle on Abstracts, p. 67, 69 Am. Dec. 397, 36 Am. Dec.

136, 47 Ind. 356, 11 N. J. Eq. 246, 73 Mo. 289, 32 Am. Dec. 772.

A person having no reason to question the rights of a patentee may rely upon his title as valid. Warren v. Sibley, Wis , 19 N. W. 40.

A record of a deed not connected with the record chain of title will not charge a subsequent purchaser with notice of the rights of such grantor. Huber v Bossart, 70 Ia. 718, 29 N. W. 609, 16 A. and E. Enc. of Law, 1 Ed. 800; Pomeroy Eq. Jur. Sec. 591-676, 23 L. R. A. 565.

CORSON, P. J. This action was instituted by the plaintiff to quiet his title to a quarter section of land in Kingsbury county. The judgment was in favor of the plaintiff, and the defendant has appealed. All the facts in the case were stipulated, and are contained in the agreed statement of facts, which constitutes, in effect, the findings of the court. There are many facts contained in the agreed statement that we regard as entirely immaterial in the determination of this case. All the facts that we deem material are that in February, 1898, William A. Wilkes made a timber-culture entry for the premises in controversy; that in May, 1890, said Wilkes and wife and one Wells and wife executed, acknowledged and delivered to the defendant a deed to the premises in controversy purporting to grant to the defendant a fee-simple title to the same, and that said deed was duly recorded in March, 1891; that in April, 1895, the said Wilkes received a United States patent for the said premises; that in 1893 Wilkes and wife executed a mortgage upon the said property to one Edgar Smith, which mortgage was foreclosed, and all the title that Smith acquired thereunder, if any, passed by mesne conveyance to the plaint-

iff.  It will thus be seen that the deed to the defendant and the mortgage to Smith were both executed by the same party (Wilkes) prior to the issuance of the patent, and that the Wilkes deed to the defendant was recorded about two years prior to the execution of the mortgage.  Wells does not appear to have had any interest in the timber-culture claim, and he will not be further referred to.  Two questions are therefore presented, and are thus stated in the appellant's brief: "(1) Was the deed from Wilkes and Wells to the defendant such a conveyance that any title to the land therein described, afterwards acquired by the grantors, or either of them, would, by operation of law, pass to the defendant?  (2) Did the record of the deed from Wilkes and Wells to the defendant operate as constructive notice of defendant's right, to the plaintiff, Bernardy, at the time he purchased the land?

It is provided by subdivision 4, § 947, of the Civil Code, that "where a person purports by proper instrument to grant real property in fee simple, and subsequently acquires any title or claim of title thereto, the same passes by operation of law to the grantee or his successors."  This subdivision was copied from the California Civil Code, and makes an important change in the common law upon the subject of after-acquired titles.  In the case of Clark v. Baker, 14 Cal. 612, 76 Am. Dec. 449, the Supreme Court of that state, in an exhaustive opinion, arrives at the conclusion that "the thirty third section of the act concerning conveyances changes the rule of the common law as to the effect of deeds under the statute of uses upon subsequently acquired interests of the grantor, and gives them an operation equivalent to the most expressive covenant of warranty."  The court in the opinion further says:

17 S. D.—41

''The effect, then, of its provisions upon a conveyance of premises in fee   *   *   *   is the same as if it were written  upon  its face that the grantor conveyed all  the  estate  which  he  then possessed or which  he  might at any time thereafter  acquire.'' And the court holds that mortgages are  included  in  the  provisions of the section.    The  thirty-third  section  referred  to was subsequently amended to read the same as  the  section  of our Civil Code above quoted, but the section  as  amended  has been treated by the courts of  California · as  substantially  the same in effect as the former section.    Mr. Deering, in his  Annotated California Codes, p. 211, vol. 2,  in  a  note  to  section 1106, the same as the section of our Code,  speaks  of  the  section as a substantial re-enactment  of  section  33.    See,  also, San Francisco v. Lawton, 18 Cal. 465, 79 Am. Dec. 187; Lent v. Morrill, 25 Cal. 500; Morrison v. Wilson, 30  Cal.  347;  Kirkaldie v. Larrabee, 31 Cal. 457, 89 Am. Dec. 205; Green v.  Clark, Id. 593; Cadiz v. Majors, 33 Cal. 289.

We are of the opinion, therefore, that,  as  the  deed  from Wilkes to the defendant did purport to grant the  property  in fee simple, the after-acquired title of Wilkes passed ''by operation of law'' to the defendant.  Notwithstanding the provisions of the Code are clear, definite, and certain, and the deed to the defendant is precisely such a deed as the Code  provides  shall pass the after-acquired title ''by operation of  law,''  the  counsel for the respondent insists that the defendant is not entitled to the benefit of the statute, for the reason (1) that the defendant did not pay any consideration for  the  property;  and  (2) that the plaintiff had no constructive notice of the defendant's title when he purchased the same.    And this  apparently  was the view of the court in stating his conclusions of law and en-

tering judgment in favor of the plaintiff.    In the view we take of the law, neither of these positions can be sustained.    In our opinion, there is nothing in the agreed statement of facts that warranted the trial court in holding that there was no consideration for the deed from Wilkes to the defendant.    But as we view the case, this is entirely immaterial, as a voluntary conveyance is valid against a subsequent purchaser "with notice, either actual or constructive, of a prior deed."   By the Civil Code it is provided:    "A transfer is an act of the parties or of the law by which title to property is conveyed from one living person to another.   A voluntary transfer is an executed contract subject to all the rules of law concerning contracts in general, except that a consideration is not necessary to its validity."   Sections 915, 916, Civ. Code.   These sections are copies of sections 458 and 459 of the proposed Civil Code of New York.   In their notes to these sections, the commissioners say, in speaking of the clause, "except that a consideration is not necessary to its validity":   "This clause was proposed for enactment in regard to grants of real property by the revisers of 1828, but was not enacted.   It is, however, undoubted law both as to real and personal property."   And this seems to be the general rule in this country as to voluntary conveyances.   6 Ency. of Law, pp. 683, 684.   On page 684 the author, under the heading of "Consideration," says, "In the United States, however, it is held that a voluntary deed is valid against any subsequent purchaser who buys with notice, whether the notice be actual, or such as the law implies from the recording of the prior deed."   In 14 Ency. of Law, p. 466, the author, under the subject of "Fraudulent Sales," says, "In the United States the authorities are almost unanimous in holding that a voluntary

conveyance, if made bona fide, is valid as against a subsequent purchaser with notice of the conveyance." In support of this statement of the law, the author cites a large number of authorities. In Walker v. Walker, 35 N. C. 335, the Supreme Court of that state says: "No consideration is necessary in order to give validity to the deed. * * * The general rule is, a deed is valid without a consideration." In Jackson v. Cleveland, 15 Mich. 94, 90 Am. Dec. 266, the Supreme Court of Michigan held, as appears from a headnote, that "a voluntary deed purporting to be for the beneficial use of the grantee, and made deliberately and without mistake or contrivance, is binding upon the grantor and his heirs, and can be avoided only by creditors and others having superior equities to the grantee." Section 943 of the Civil Code provides that "every grant of an estate in real property is conclusive against the grantor and every one subsequently claiming under him, except a purchaser or incumbrancer who in good faith and for a valuable consideration acquires a title or lien by an instrument that is first duly recorded."

It will thus be seen that the deed from Wilkes to the defendant, being duly acknowledged and recorded, conveyed Wilkes' title to the defendant, not only as against himself, but as against "every one subsequently claiming under him," except a purchaser in good faith and for valuable consideration, who acquired a title or lien by an instrument that was first duly recorded. It affirmatively appears from the agreed statement in this case that the deed from Wilkes to the defendant was executed and recorded some two years prior to the mortgage executed by Wilkes to Smith, under whom the plaintiff claims. There is nothing in the agreed statement of facts

that in any manner can be regarded as impugning the good faith of Wilkes in executing the deed to the defendant, and there is no presumption that the conveyance was not made in good faith. It is clear, therefore, that the fact—if such be the fact—that the conveyance from Wilkes to the defendant was voluntary and without consideration gives plaintiff no legal or equitable title to the premises in controversy.

This brings us to the second or more important question, namely, did the plaintiff, at the time he purchased the property, have constructive notice of the conveyance from Wilkes to the defendant? It is contended by the respondent that as the deed from Wilkes to the defendant was executed and recorded prior to the time the United States patent was issued to Wilkes, and before he acquired a legal title to the property, the plaintiff did not have constructive notice of the same, for the reason (1) that the deed from Wilkes to the defendant was without consideration; (2) for the reason that the plaintiff was not required to examine the record for any conveyance from Wilkes prior to the acquisition of his patent from the United States. This contention is untenable, for, as we have seen, the conveyance from Wilkes to the defendant was good as against him and all persons claiming under him, except creditors, and the title acquired by him by virtue of the patent passed by operation of law to the defendant; and the rule contended for by the respondent, that he was not required to look back of Wilkes' patent, prevailing in some states where the common law is still in force, in which after-acquired titles do not pass to the grantee, has no application under the registry law of this state and the law providing that after-acquired titles shall pass to the grantee. We shall not stop, therefore, to discuss

the cases cited, further than to say that they are not uniform in support of the position of the plaintiff, even in states where the common law prevails, and where no provisions have been made for the passing of after-acquired titles by operation of law. Tefft v. Munson, 57 N. Y. 97; Warburton v. Mattox, Morris, 367.

In the case at bar both plaintiff and defendant, as before stated, claim title from the same grantor, Wilkes; and as we have seen, it was perfectly competent for Wilkes to make a voluntary conveyance of the property to the defendant, and that plaintiff, as a subsequent purchaser, with notice, "actual or constructive," of the deed from Wilkes to the defendant, acquired no title to the property. Section 986 of the Civil Code provides: "Every conveyance of real property, other than a lease for a term not exceeding one year, is void as against any subsequent purchaser or incumbrancer, including an assignee of a mortgage, lease, or other conditional estate, of the same property, or any part thereof, in good faith and for a valuable consideration, whose conveyance is first duly recorded." Section 989 provides: "The recording and deposit of an instrument, proved and certified according to the provisions of sections 963, 976, 977, 978, 979, are constructive notice of the execution of such instrument to all purchasers and incumbrances [incumbrancers] subsequent to the recording." It will thus be seen that the recording and deposit of an instrument properly proven is constructive notice of the execution of such instrument "to all purchasers and incumbrancers subsequent to the recording." It is true, this section does not, in terms, speak of the instrument duly acknowledged; but it is clear that the Legislature had, in effect, pro-

vided in the previous sections that such instruments, duly ac-
knowledged and recorded, would impart constructive notice.
It will be further noticed that the only party who can acquire
a title superior to that evidenced by the record is one whose
title "in good faith and for a valuable consideration" has first
been duly recorded. It will be further observed that no exception
is made in the Code of conveyances made prior to the acquiring
of the legal title when such conveyances are duly recorded.
It is therefore quite clear that the plaintiff, at the time he pur-
chased the property, did have constructive notice of the con-
veyance from Wilkes to the defendant, and is presumed to
have had knowledge of the law providing that the subsequent
legal title acquired by Wilkes under his patent passed to the
defendant by operation of law.    It is clear that the theory that
the plaintiff was not bound by constructive notice of the deed
from Wilkes to the defendant is entirely inconsistent with our
registration act, and our law as to passing subsequently ac-
quired titles.    It, in effect, strikes from our Code the provis-
ions above quoted in relation to after-acquired titles, for if a
party is not required to look beyond the legal title, or is not
charged with constructive notice of any conveyance prior to
the acquisition of the legal title by the party under whom he
claims, the provisions of the Code as to after-acquired titles
can have but very little, if any, effect.

Let us, for a moment, consider the effect of the theory ad-
vanced by the respondent, and apparently adopted by the
trial court. A. enters upon government land, and conveys the
same to B. by deed purporting to grant the title in fee simple.
Subsequently a patent is issued to A. for the land, and, under
the theory of the counsel for respondent, A., after the issuance

of such patent to him, may convey the land to C., who has no actual notice of the prior conveyance to B., and he will acquire a good title to the property as against B., notwithstanding the statute declares that the legal title acquired by A. shall pass by operation of law to his grantee, B. As a further illustration, take the case at bar. Wilkes, so far as the record discloses, has never conveyed or mortgaged the property to any one since the government patent was issued to him. Suppose that some party who has no actual notice of the mortgage executed to Smith by Wilkes, under whom the plaintiff claims, and assuming that the mortgage was the only conveyance made by Wilkes, purchases the property from Wilkes, and places his deed upon record, and brings an action against the plaintiff to recover possession of the property. Under the plaintiff's theory, such subsequent purchaser would clearly be entitled to recover possession, as he would not be charged with constructive notice of any conveyance or mortgage prior to the issuance of the patent, and the plaintiff would therefore have neither a legal nor equitable title to interpose against the plaintiff's claim. These illustrations sufficiently demonstrate the fallacy of the respondent's theory as applied to our law for the passing of after-acquired titles, and to our registration act. In this state, therefore, a purchaser of property is necessarily charged with notice of all conveyances or mortgages made by the party under whom he claims. It will be observed, therefore, that under the plaintiff's theory the statute providing that after-acquired titles shall pass to the grantee by operation of law would practically be repealed, and a purchaser from one who has acquired the legal title must examine the record, and ascertain whether or not he has previously

conveyed the property  by a conveyance  purporting to convey the fee-simple title, as a purchaser  is  presumed  to  know the law, and to know that the party in whom the legal title stands may have previously  conveyed  the  property, and  that  such prior grantee may have acquired such legal title  by  operation of law under the statute.

Counsel for the respondent have discussed at some length the question as to what extent a party has constructive  notice of conveyances not in the line of his chain of title,  but, in the view we take, this question has no application to  the  case  at bar, for, as before stated, both  plaintiff  and  defendant  claim title under the same party, Wilkes.    No question,  therefore, is presented as to  the  notice  of  any  record  of  conveyances lying outside of the plaintiff's chain of title.

The view that we have taken of  the  registration  laws  is strengthened by sections 868 and  869  of  the  Political  Code, which require a numerical index to be kept  of  both  city  and farm property.  Under such  a  system,  abstracts  will  neces-sarily show all the conveyances made of the property.

In our opinion, the propositions advanced by  respondent's counsel, and which  apparently  were  sanctioned by  the  trial court, are calculated to unsettle titles; and are in opposition to rules long established and  understood,  and  which  constitute rules of property.   Had the respondent made such  an  exami-nation of the records as men of ordinary prudence would have done, he would have discovered that Wilkes had, prior  to  the execution of the mortgage to Smith under which  the  plaintiff claims title, conveyed the property to the defendant, and  that the legal title of Wilkes under his patent passed  by  operation of law, under the statute, to the defendant, and  that  Wilkes,

at the time he mortgaged the property to Smith, had no interest in the property to mortgage, and that Smith acquired no title to the property by reason of his mortgage and the foreclosure of the same, and that he, in purchasing, would acquire no title to the property.

The judgment of the circuit court is reversed, and a new trial ordered.

Fuller, J. (dissenting). The facts omitted from the majority opinion as immaterial, and which I deem conclusive of the questions of law presented, are these: On the 9th day of December, 1882, Oliver L. Taylor, a pre-emptioner, obtained a receiver's final receipt, which was duly recorded six days later, when he mortgaged the premises described therein for $394, and appellant became the assignee of such mortgage more than one year after the entry of the pre-emptioner and mortgagor had been canceled by proper authority at the General Land Office of the United States. Three and one-half years before the cancellation of his entry, Taylor conveyed the mortgaged premises by warranty deed to William A. Wilkes and Rollin J. Wells, and eighteen months after the cancellation of such entry, and four months after the assignment of the Taylor mortgage to appellant, it obtained from Wilkes and Wells the warranty deed relied upon. Respondent's source and chain of title emanates from the United States, and is traceable thus: William A. Wilkes placed a timber-culture filing on the land in controversy about 75 days after Taylor's entry was canceled, made final proof on the 2d day of August, 1893, and received a patent from the government April 27, 1895, since which date all taxes have been paid by

respondent and his grantors. After making final proof, Wilkes and his wife mortgaged the land for $400, under date of August 11, 1893, to Edgar L. Smith, who obtained a sheriff's deed on the 3d day of November, 1897, by virtue of a valid statutory foreclosure of such mortgage. On the 23d day of August, 1898, Smith and wife conveyed the property, for a valuable consideration, to Alpha D. Cadwell, by a warranty deed containing the covenant that "the premises are free from incumbrances since the issuance of the patent from the United States," and, for a valuable consideration, Cadwell and wife conveyed on the 7th day of September, 1898, by the usual warranty deed, to C. C. Hortman, who, together with his wife, executed and delivered to respondent a warranty deed dated March 13, 1899, in which the grantors covenant that the premises are free from all incumbrances since the issuance of the patent, except the taxes of 1898 and a mortgage for $500, all of which was assumed by respondent, and subsequently paid in full and satisfied of record. Before obtaining the Taylor mortgage or the deed from its grantees, Wilkes and Wells, appellant knew that the title, both legal and equitable, was in the United States; and the doctrine of after-acquired title, being in the nature of an equitable estoppel, should never be applied as against a purchaser in good faith for value, in favor of a gratuitous grantee not influenced by the recitals in his deed. Without determining whether the extinction of the Taylor interest relates back to the date of the pre-emption filing, or merely takes effect as of the date his entry was canceled, there is no escape from the conclusion that the cancellation of the entry imparted constructive notice to both grantors and the grantee that neither party had an interest in or lien upon the

property when the deed was executed.    It being shown by the undisputed evidence that the only consideration for such conveyance was the satisfaction of a mortgage rendered void by the cancellation of the Taylor entry, the inference is irresistible that nothing was paid for the deed, and the trial court is justified in its conclusion that appellant is not a bona fide purchaser of the land.    Valuable consideration, absence of notice, and presence of good faith are the essential attributes of a bona fide purchaser.  Bank v. Shaw, 14 S. D. 197, 84 N. W. 779.

As neither Taylor, the mortgagor, nor his grantees, Wilkes and Wells, possessed the slightest interest in the property, a sheriff's deed upon foreclosure would convey no estate, and nothing is gained or lost by the satisfaction of a mortgage absolutely void.    Mitigation of damages arising from a breach of warranty, and sustained by a bona fide purchaser, being the only reason for passing after-acquired title by operation of law, one who obtains his deed without any consideration whatever suffers no injury, and is not entitled to invoke the doctrine as against the grantees of Smith, in favor of whom the after-acquired title of Wilkes inured.    As previously stated, Taylor, against and under whom appellant claimed a mortgage lien and estate by virtue of the deed from such entryman's grantees, never obtained a patent; and, at the time appellant became the assignee of the mortgage and grantee of the premises, the entry, which was the only foundation for its claim of title, had been duly canceled.

It is settled law that "parties who purchase of pre emptors before patent cannot maintain the position of bona fide purchasers, as they purchase only an equity.    They take only such title as the vendees of the government had, and purchase

subject to the action of the Land Department upon the entries, either in confirming or canceling them." Whitaker v. So. Pac. Ry. Co., 2 Copp. 919; Frisbie v. Whitney, 9 Wall. 187, 19 L. Ed. 668; Wilcox v. Jackson, 13 Pet. 498, 10 L. Ed. 264; Arnold v. Grimes, 2 G. Greene 77.

It is stipulated by the parties to the action that respondent purchased the premises for a valuable consideration, and it is quite apparent that his title was acquired without any notice of the deed upon which appellant relies.

In discussing the proposition that the registration of an instrument anterior to, outside of, and not connected with, the purchaser's chain of title, is insufficient to charge him with constructive notice. Mr. Pomeroy says: "If two titles to the same land are distinct and conflicting, the superiority between them depends, not upon their being recorded, but upon their intrinsic merits. It is settled doctrine, therefore, that a record is only a constructive notice to subsequent purchasers deriving title from the same grantor. Intimately connected with, and, indeed, a branch of, this same doctrine, is the question, how far back is a purchaser bound to search the record title of his own vendor? If the records show a good title vested in the vendor at a certain date, and nothing done by him after that time to impair or incumber the title, it would seem that the policy of the registry act is thereby accomplished. The purchaser is protected. He is not bound to inquire farther back, and to ascertain whether the vendor has done acts which may impair his title prior to the time at which it was vested in him, as indicated by the records. This view is supported by many decisions—it seems by the weight of authority—which hold that a purchaser need not prosecute a search for deeds or

mortgages made by his own vendor further back than the time at which the title is shown by the records to have been vested in such vendor, or, in other words, a purchaser is not bound by the registry of deeds or mortgages from his vendor made prior to that time." 2 Pom. Eq. Jur. 658. The following cases are to the effect that a valid government patent vests in the patentee an absolute, unconditional right to the land, and that a deed lying outside of a purchaser's chain of title derived therefrom imparts no notice. Rankin v. Miller, 43 Iowa 11; Tydings v. Pitcher, 82 Mo. 379; Ford v. Unity Church (Mo.), 25 S. W. 394, 23 L. R. A. 561, 41 Am. St. Rep. 711; Harper v. Bibb, 69 Am. Dec. 397; Farmers' Loan and Trust Co. v. Maltby, 4 N. Y. Ch. 462; Losey v. Simpson, 11 N. J. Eq. 246; Warner v. Sibley (Mich.), 19 N. W. 40.

In the case of Rankin v. Miller, supa, the court says: "To entitle one to recover ownership of lands upon the ground of superior equity in himself, he must have some right other than the acquisition of a void title in ignorance of the rights of another. * * * The patent for lands belonging to the United States, when issued to a party, vests in him the perfect legal title, which relates back to the time of entry of the land. The entry of the land and the issuing of the certificate transferred to him at the time all the property held by the government in the land, and conferred upon him all equity therein."

In the present case it subverts the purpose of our registration law, and is utterly absurd, to require respondent, in the interest of a grantee who gave nothing and got nothing, to extend his search beyond the patent from the United States, by virtue of which his grantors acquired perfect title. By the

sheriff's deed, Smith acquired the absolute title of the mortgagor, and the deed from Cadwell to Hortman contains nothing but the usual covenants of warranty.   If it were necessary, the familiar doctrine that a grantee with notice, who takes from a grantor without notice, takes also without notice, might be invoked in respondent's behalf.   Under the rule that an innocent purchaser without notice cannot be deprived of any of the inherent qualities of his property, including an absolute right to alienate his entire estate, his grantee with notice is fully protected in the acquisition of the title purged of all equities, not on its own merits, but on account of being the successor of a bona fide purchaser.   Van Syckel v. Beam, 110 Mo. 589, 19 S. W. 946;  Paul v. Kerswell, 60 N. J. Law 273, 37 Atl. 1102; Arrington v. Arrington, 114 N. C. 151, 19 S. E. 351;  Bruen v. Dunn, 87 Iowa 483, 54 N. W. 468;  La Fleur v. Chace, 171 Mass. 59, 50 N. E. 456;  Buck v. Foster, 147 Ind. 530, 46 N. E. 920, 62 Am. St. Rep. 427.

Appellant is guilty of gross laches, and it seems to me that my associates have overlooked the equitable principles which fully justify the action of the trial court.   The judgment appealed from ought to be affirmed.