## BERNARDY v. COLONIAL & UNITED STATES MORTG. COMPANY, LIMITED.

A deed, absolute in form and without limitations or qualifications as to the interest intended to be conveyed, and containing covenants, cannot be varied by parol evidence as to the intention of the parties as to the interest to be conveyed.

By the express provisions of Rev. Civ. Code, § 947, where one purports to grant real estate in fee simple, any subsequent title acquired by him passes to the grantee or his successors.

The provision of the Code that every transfer of an interest in property "as security" for the performance of an act is to be deemed a mortgage does not authorize parol evidence as to the intent of the parties in the execution of a deed absolute in form and without limitations or qualifications as to the interest intended to be conveyed.

Fuller, P. J., dissenting.

(Opinion filed, Nov. 29, 1905.)

Appeal from Circuit Court, Kingsbury County. Hon. CHAS. S. WHITING, Judge.

Action by William Bernardy against the Colonial & United States Mortgage Company, Limited. From a judgment in favor of plaintiff, defendant appeals. Reversed.

*French & Orvis,* for appellant. *Warren & Warren, E. S. Johnson,* and *E. F. Green,* for respondent.

CORSON, J. This is an appeal by the defendant from the judgment and order denying a new trial. This case was before us at a former term of this court, and the judgment of the lower court was reversed, and the case is reported in 17 S. D. 637, 98 N. W. 166.

As stated in the opinion of the court on that appeal, the case was tried in the court below upon an agreed statement of facts; those deemed material being set forth in the opinion. On the remittitur going down, the case was retried, and, in addition to the statement of facts used on the former trial, evidence was introduced on the part of the plaintiff upon which the court found additional facts, which are in substance that the firm of Wilkes & Wells from December 15, 1882, to May, 1890, were the duly constituted and acting agents of the defendant in the business of negotiating loans on real estate in this state, and that in the usual course of their agency they acquired more or less real estate belonging to the defendant and took the title in their own names, and that the title to the property in controversy conveyed by said Wilkes & Wells to the defendant was so held by them as agents and trustees of the defendant; that in conveying said property to the defendant, the said Wilkes & Wells only intended to convey their interest in said property as trustees, and that they executed said conveyance for the purpose of closing up their business with the defendant; that it was not their intention to convey to the said defendant any other interest than that so held by them in trust. The court concludes from the agreed statement of facts, and from the additional findings, that the plaintiff was the owner and entitled to the possession of the premises in controversy.

It is contended by the appellant that the findings of the court made in addition to the agreed statement of facts are not supported by the evidence, and there is much force in this contention; but in the view we take of the case it will not be necessary to decide this

question, and we shall assume for the purpose of this decision that the findings are supported by the evidence. It is further contended by the defendant in effect that the conclusions of the court are erroneous, for the reason that the terms of the deed from Wilkes & Wells to the defendant could not be varied or contradicted by parol evidence. We are inclined to agree with the defendant in this contention. The deed, being absolute in form, and without limitations or qualifications as to the interest intended to be conveyed, and containing covenants, could not be contradicted or varied by parol evidence as to the inteniton of the parties in executing the deed. The deed purports to convey a fee simple title and comes clearly within the language of section 947, Rev. Civ. Code, which provides that: "Where a person purports by proper instrument to grant real property in fee simple, and subsequently acquires any title or claim of title thereto, the same passes by operation of law to the grantee or his successors." The deed therefore executed by Wilkes & Wells must be construed by the court, and its effect must be controlled by the section of the Code above quoted.

It is contended by the plaintiff that the circumstances attending the conveyance, and the relation existing between Wilkes & Wells and the defendant, might properly be shown for the purpose of proving their intention in making the conveyance, and that the principle to be applied to this case is the same as that applied in proving the circumstances under which a deed given as security for some other act may be shown to be a mortgage; but in our opinion this principle is not applicable to the case at bar. Our code provides that: "Every transfer of an interest in property, * * * as security for the performance of another act is to be deemed a mortgage." A court is therefore fully justified in permitting proof of all the circumstances attending the execution of a deed and the actual intention of the parties for the purpose of determining as to whether or not it was in fact executed and intended to operate as a mortgage. No such authority seems to have been conferred upon the court as to deeds similar to the one in controversy; the same being without limitations or qualifications and free from all ambiguity. Much reliance is placed by the plaintiff upon the case of Consoli-

dated Republican Mountain Min. Co. v. Lebanon Min. Co., 9 Colo. 343, 12 Pac. 212; but in our view that case is not an authority in the case at bar, as the deed in that case was merely a quitclaim deed, and it does not appear from the decision that the section of our Code quoted, providing that subsequently acquired titles pass by operation of law, is in force in that state. It would undoubtedly have been competent for Wilkes & Wells to have qualified by the terms of their deed the interest that they intended to convey thereby, but the deed in controversy, as before stated, contains no limitations or qualifications, and is absolute in form, and in our opinion cannot be varied or contradicted by parol evidence. We are of the opinion therefore that the court erred in holding that the deed from Wilkes & Wells to the defendant could be varied or contradicted by parol testimony.

The principal questions involved in this case are so fully discussed in our former opinion that we deem a further discussion of them unnecessary.

The judgment of the court below, and order denying a new trial, are reversed.

FULLER, P. J. (dissenting). For the reason stated in my dissenting opinion on the former appeal of this case (17 S. D. 650, 98 N. W. 166), I am convinced that the judgment of the court below should be affirmed.