## SIMONSON v. MONSON.

Cong. Allotment Act Feb. 8, 1887, § 5, 24 Stat. 388, c. 119, makes void a conveyance of allotted Indian lands made within 25 years. Act. Cong. March 3, 1905, 33 Stat. 1067, c. 1479, authorized the issuance of a patent to a specified Indian for his allotment. Under Rev. Civ. Code, § 947, subd. 4, where one purports by proper instrument to convey land in fee simple, any subsequently acquired title passes to the grantee. **Held,** that the Indian's warranty deed dated May 31, 1905, and recorded June 2d, was valid, and passed title, as against his deed of July 10th, recorded the same day, though the patent was not issued until June 29th, the act of March 3d impliedly repealing said provision of the allotment act as to the particular land; and the deed of May 31st imparting constructive notice to the subsequent grantee that title acquired by the Indian under his patent would pass to the prior grantee.

That in an action involving land the trial court made no finding as to the deed under which plaintiff claims does not preclude the Supreme Court on defendant's appeal from a judgment for plaintiff from considering such deed, since the finding that plaintiff was the owner necessarily includes any deed in evidence conveying title to him.

(Opinion filed, July 8, 1908.)

Appeal from Circuit Court, Roberts County. Hon. J. H. McCoy, Judge.

Action by E. J. Simonson against Otto Monson. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

*Chester L. Caldwell* and *Howard Babcock,* for appellant. *Frank McNulty,* for respondent.

CORSON, J. This is an action to determine conflicting claims to a tract of land in Roberts county. The complaint is in the usual form, and alleges that the plaintiff is the owner in fee and in possession of the premises. The answer is a general denial; admits

plaintiff's possession; and alleges ownership as an affirmative defense, and ownership as a counterclaim. Both parties claim title under Henry A. Quinn, an Indian allottee, under the act of Congress approved February 8, 1887, 24 Stat. 388, c. 119, generally known as the "Indian Allotment Act." By act of Congress approved March 3, 1905, 33 Stat. 1067, c. 1479, the Secretary of the Interior was authorized to issue a patent in fee to said Quinn, and said final patent was issued June 29, 1905. Prior to the last date and on the 31st day of May, 1905, plaintiff obtained from said Henry A. Quinn a warranty deed dated and acknowledged May 31, 1905, which he had recorded in the office of the register of deeds of Roberts county on the 2d day of June, 1905. On the trial the plaintiff introduced in evidence the patent from the United States to said Quinn which was admitted without objection. He then offered in evidence the deed executed May 31, 1905, by Henry A. Quinn to himself bearing date of May 31, 1905, and recorded June 2, 1905. This deed was objected to on the ground that the deed was incompetent and irrelevant for any purpose, and as being absolutely void under the statutes of the United States, being apparently executed, acknowledged, and recorded long prior to the issuance of the patent to the said Henry A. Quinn. This objection was overruled, and the defendant excepted. The plaintiff also introduced in evidence the deed executed by the said Quinn to the plaintiff purporting to be executed the 30th day of May, 1905, and acknowledged on the 3d day of July, 1905, but not recorded. The admission of this deed in evidence was also objected to on the ground that it appears to have been executed on May 30, 1905, long prior to the issuance of the patent in fee to said Quinn, and on the further ground that said deed had not been recorded. This objection was overruled, the deed admitted, and the defendant duly excepted. The defendant in support of his title offered in evidence a deed purporting to be executed by the said Quinn to himself bearing date of the 10th day of July, 1905, and acknowledged and recorded on the same day for the same premises. The defendant then offered in evidence chapter 119 of volume 24 of the United States Statutes at Large, which was received in evidence over plaintiff's objection. This statute is set out in the abstract, and will

be subsequently referred to. The defendant then offered in evidence the act of March 3, 1905, which was admitted without objection.

It is contended by the defendant and appellant that the deed purporting to be executed on May 31st by said Quinn to the plaintiff and recorded on June 2d was void, for the reason that it was executed prior to the issuance of the patent; that the second deed purported to be executed by Quinn to the plaintiff on May 30th and acknowledged on July 3d not being recorded was ineffectual as against the appellant, who had no actual notice of the execution of said deed, and no constructive notice of the same, and that therefore the appellant acquired a good title to the said premises as against the plaintiff by his deed of July 10, 1905.

The plaintiff and respondent contends (1) that the deed executed May 31st, and recorded June 2d, was a valid deed, as it was executed subsequently to the act of Mach 3, 1905, notwithstanding it was executed prior to the issuance of the patent; that if said deed executed May 31st, and recorded June 2d, was not valid and did not convey the premises then the deed bearing date of May 30th and acknowledged July 3d, and delivered to the plaintiff by said Quinn on that day, being a full warranty deed was good as against the appellant's deed which was simply a quitclaim deed; that the possession of the plaintiff of the premises in controversy constituted constructive notice to the defendant of respondent's ownership of the property, and that such deed was therefore good and valid as against the plaintiff's quitclaim deed, and that the court was therefore right in making its finding and entering judgment in favor of the plaintiff.

The act approved February 8, 1887, known as the "Allotment Act," provides, among other things, that where, by treaty or stipulation, the Indians occupy a reservation the same may be surveyed and allotted in severalty to the Indians occupying the same. By section 5 of the act it is provided "that upon the approval of the allotment provided for in this by the Secretary of the Interior, he shall cause patents to issue in the name of the allottees which patent shall be of the legal effect, and declare that the United States does and will hold the land thus allotted, for a period of twenty-

five years in trust for the sole use and benefit of the Indian to whom such allotment shall have been made * * * and that at the expiration of such period the United States will convey the same by patent to said Indian or his heirs as aforesaid in fee discharged of such trust and free of all charge or incumbrance whatsoever. Provided, that the President of the United States may in any case in his discretion extend the period. And if any conveyance shall be made of the land set apart and allotted as herein provided or any contract made touching the same, before the expiration of the time above mentioned such conveyance or contract shall be absolutely null and void."

By the act of March 3, 1905, it is provided "That the Secretary of the Interior is hereby authorized and empowered to issue a patent to Henry A. Quinn" for the premises in controversy in this action.

We are of the opinion that the deed executed by Quinn to the respondent bearing date of May 31st and recorded June 2d was a valid deed, notwithstanding the inhibition contained in the act of 1887 before quoted, the same having been executed after the act of March 3, 1905, which in effect repealed by implication the clause in the act of 1887 making any conveyance or contract before the expiration of the 25 years absolutely "null and void" so far as the premises in controversy are involved, and that the court properly overruled the defendant's objection to its admission in evidence.

Subdivision 4 of section 947 of our Revised Civil Code provides: "Where a person purports by proper instrument to grant real property in fee simple, and subsequently acquires any title or claim of title thereto, the same passes by operation of law to the grantee or his successors." The deed executed by said Quinn to the plaintiff bearing date of May 31, 1905, acknowledged on the same day, and recorded on June 2d, is a full warranty deed, purporting to grant the property in fee simple to the plaintiff, and therefore by it the title acquired by Quinn under his patent issued on June 29th passed upon the issuance of the patent by operation of law to the plaintiff under and by virtue of the provisions of the statute

above quoted. The act of March 3, 1905, had the effect of leaving Quinn free to convey the premises and hence his conveyance, though made prior to the issuance of the patent, had the effect of transferring to the plaintiff the title acquired by him under his patent.

Plaintiff's warranty deed of May 31st having been duly acknowledged and recorded imparted constructive notice to the defendant of plaintiff's right to the property, and that any title that might be acquired by Quinn under his patent would pass by operation of law to the plaintiff. Bernardy v. Mortgage Co., 17 S. D. 637, 98 N. W. 166; Same v. Same, 20 S. D. 193, 105 N. W. 737; Zerfing v. Seeling, 12 S. D. 25, 80 N. W. 140; State v. Kemmerer, 14 S. D. 169, 84 N. W. 771.

The contention of the appellant that the court made no finding as to the deed of May 31st and recorded June 2, 1905, and therefore that deed is not properly before the court, is untenable, as the court finds that the plaintiff is the owner of the property and entitled to its possession, and this finding necessarily includes any deed introduced in and admitted in evidence conveying to the plaintiff the title.

The views herein expressed render unnecessary the consideration or discussion of the nature and character of the plaintiff's possession and the nature and character of the deed from Quinn to the defendant, and also render unnecessary any consideration or discussion of the rulings of the court on the motion for a new trial, based upon the grounds of newly discovered evidence, and the other questions presented by the record in this case.

The judgment of the circuit court and order denying a new trial are affirmed.