ALEXANDER LA FLEUR vs. ADONIRAM J. CHACE & others.

Bristol.   January 24, 1898. — May 18, 1898.

Present: FIELD, C. J., ALLEN, KNOWLTON, LATHROP, & BARKER, JJ.

*Equity — Mortgage — Bond for a Deed — Foreclosure — Rights of New
Intending Purchaser.*

Where the title of the obligor of a bond for a deed has been foreclosed by a valid
mortgage sale, and the land has been thereafter sold to *bona fide* purchasers, who
took for value and without knowledge or notice of the claim of the obligee, he
cannot charge a new intending purchaser with any duty to himself by notifying
him before his purchase of the facts with reference to the bond for a deed.

BILL IN EQUITY, praying for a conveyance to the plaintiff of
certain real estate.   The original defendants were Adoniram J.
Chace, the owner of the equity, William O'Brien, the holder of
the second mortgage, and the Taunton Savings Bank, the holder
of the first mortgage.   The bill was amended by adding several
parties defendant, among them Daniel A. Sullivan.

At the trial, before *Gaskill*, J., the counsel for the plaintiff
stated that he did not ask for any decree against the defendants
who had not appeared, and that, if the bill was dismissed as to
Sullivan, it might be as to all defendants.   The judge dismissed
the bill, and reported the facts at the request of the plaintiff;
and the plaintiff appealed to this court.   The facts so reported
appear in the opinion.

*F. A. Pease*, for the plaintiff.

*D. F. Slade*, for Sullivan and others.

*C. A. Reed*, for O'Brien.

BARKER, J.   The case comes before us upon the plaintiff's
appeal from a decree dismissing the bill.   The facts found by
the judge who heard the case and entered the decree are, in
substance, that the plaintiff took a bond for a deed of land which
with other lands was subject to mortgage.   He paid a part of
the purchase money, and gave his notes for the balance to the
owner of the equity from whom he took the bond.   There was
a written agreement between the mortgagee and the obligor by
which, under certain circumstances, if there should be no breach

of the conditions of the mortgage, and if the prices should be satisfactory, the mortgagee would assent to sales of parcels of the mortgaged land to be made by the obligor.    After the giving of the bond the mortgage was duly foreclosed for breach of condition, by a sale under a power, and the mortgaged land conveyed to a purchaser, who bought in good faith.    Neither the mortgagee nor his vendee knew of the bond for a deed, and the plaintiff, who was present with them at the foreclosure sale, gave them no notice or information that he had any interest in the matter.    After the foreclosure sale the purchaser conveyed an undivided half of the land to another person, and these two sold the land to another purchaser, and all the purchasers bought in good faith and without notice of the plaintiff's claim.    Some eighteen months after this sale the land was sold to the defendant Sullivan, who bought in good faith ; but before he bought the plaintiff told him that he (the plaintiff) had bought the land and would proceed against him if he made the purchase, but gave him no other information.

Upon these facts it is plain that the bill was properly dismissed.    Even if the existence of the bond for a deed had been known to the mortgagee, it would not have prevented him from making an effectual foreclosure sale, he not having assented to the bond, and not being bound to assent to it by the terms of his agreement with the obligor.    When the mortgage was foreclosed without notice of the existence of the bond, and the land sold to purchasers who bought for value and in good faith and without notice of the plaintiff's claim, all equitable right in the plaintiff to require a conveyance to himself was gone, and it could not be revived by notifying an intending purchaser that the plaintiff held a bond for a deed given before the foreclosure sale.    Such a purchaser would take subject to no equitable right of the plaintiff, who can look for redress only to the obligor of his bond.    In *Hayward* v. *Cain*, 110 Mass. 273, the foreclosure sale was fraudulent, and, in addition, as also in *Connihan* v. *Thompson*, 111 Mass. 270, and in *Mansfield* v. *Hodgdon*, 147 Mass. 304, there had been no intervening purchasers in good faith and without notice.    These cases, on which the plaintiff seems to have relied, are therefore not in point.

*Decree affirmed.*