THE BRISTOL LUMBER COMPANY *vs.* ALCIDE J. DERY
ET AL.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued October 20th—decided December 22d, 1931.

*Samuel Campner,* for the appellants (defendants).

*S. Russell Mink* and *Frederick W. Beach,* for the appellee (plaintiff).

AVERY, J.   The land involved in this controversy is a small lot, located in a rural section near a lake in the town of Wolcott, with a small summer cottage thereon. It appears from the finding that June 13th, 1925, the defendant Alcide J. Dery purchased the property of Nelson L. Gay by deed warranting it as free from all incumbrances.   The deed was left by the purchaser with a scrivener with instructions to record, but the latter failed to do so until May 18th, 1926.   At the time of the purchase, there were no improvements or buildings on the property.   Immediately thereafter, Dery entered into possession, erected a building, dug a well, maintained the building and property, and paid taxes thereon in 1927 and 1928.   At the time of the transfer from Gay, the premises in question, as part of a tract of ninety acres owned by him, were incumbered

by a mortgage to Arthur Lalane and Frank Wisniuski, and by various taxes.

A foreclosure action was brought by Wisniuski and Lalane against various defendants upon the entire tract, including the land in question. May 13th, 1926, a lis pendens was duly filed in the Wolcott land records by the foreclosing mortgagees. Dery was not named a party defendant nor mentioned in the lis pendens, and was not served with process. At the time of the institution of the action, Dery was in open and visible possession down to the judgment of foreclosure. April 26th, 1929, he executed and delivered a deed to Helen Arbour, his daughter, who took possession on that day, and has since been in visible and open possession.

The certificate of foreclosure of the Lalane and Wisniuski mortgage was filed in the Wolcott land records January 1st, 1928, describing land, a part of which is that involved in this action. A certified copy of the foreclosure judgment was filed in the Wolcott land records September 13th, 1929. Thereafter, Arthur H. and Beatrice E. Lalane purchased the entire equity in the property foreclosed from said Wisniuski. The plaintiff purchased, for $300, the land in controversy from Arthur H. and Beatrice E. Lalane December 24th, 1929. Prior to purchasing, the plaintiff, through its agent, examined the premises, was fully informed as to the status of the land records with respect thereto, and relied thereon. The land and buildings were worth $1100. Dery had paid $1500 to erect a house and build a garage and some money to bore a well. The plaintiff knew, at the time of purchase, that it was paying for the property a price far less than its fair and reasonable value. On the other hand, the defendant Helen Arbour knew of Lalane's claim of ownership before the transfer by Dery to her. Gay was named defendant in the foreclosure action and was

given a law day. During the pendency of the action, Dery made no attempt to appear or to be made a party defendant, and made no motion to reopen the judgment.

Dery has disclaimed any interest in the property, and the real question in controversy between the parties is whether Helen Arbour, as grantee from Dery and deriving title through the unrecorded deed from Gay to Dery, has a title superior to that obtained by the plaintiff through the foreclosing mortgagees.

It appears that, before purchasing, the plaintiff had had previous business dealings with Dery, and had suffered therein a financial loss, and had purchased, not as an investment, but as a means of salvaging its prior business loss, with full knowledge of the possession of the premises by Dery, and of the transfer thereof by him to his daughter, Helen Arbour.

When Helen Arbour purchased the property, she was conclusively presumed to have had knowledge of the duly recorded mortgage and lis pendens; *Beach* v. *Osborne,* 74 Conn. 405, 412, 50 Atl. 1019; *Weissman* v. *Volino,* 84 Conn. 326, 329, 80 Atl. 81; *Ensign* v. *Batterson,* 68 Conn. 298, 305, 36 Atl. 51; and, for the same reason, Dery, her predecessor in title, when he obtained his deed from Gay, was conclusively presumed to have had knowledge of the existence of the mortgage. On the other hand, the possession of the property by Dery was not, under the circumstances set forth in this finding, adverse to that of the foreclosing mortgagees. "A mortgagor or his grantee does not hold adversely to the mortgagee, in the absence of a distinct repudiation of the mortgage. His possession is at common law consistent with the right and title of the mortgagee. . . . Possession by the grantee of a mortgagor under a deed of warranty will not be deemed to be adverse to the mortgagee without an explicit denial

of holding under him brought to his notice. The mortgagor and his assigns hold in privity with the mortgagee and in subordination to his rights. . . . The possession of the mortgagor is not adverse to the mortgagee, so as to avoid the latter's assignment, and when the mortgagor remains in possession, the grantee of the mortgagee takes a valid title to the mortgagee's interest." 2 Jones, Mortgages (8th Ed.) § 830; *Whittington* v. *Flint*, 43 Ark. 504, 520; *Watts* v. *Creighton*, 85 Iowa, 154, 156, 52 N. W. 12; *Sorsby* v. *Woodlawn Lumber Co.*, 202 Ala. 566, 567, 81 So. 68; *Gould* v. *Newman*, 6 Mass. 239, 240. "The mortgagee is not affected by any act of the mortgagor in passing any right of his in the premises to third persons." 2 Jones, Mortgages (8th Ed.) § 836.

At the time the foreclosure was instituted and lis pendens filed, neither the defendant Dery nor his daughter had any deed of record in the property, and the foreclosing mortgagees were under no duty to make them parties to the action; and, by the foreclosure, they obtained good title against all the parties to the action and all grantees from the parties who had failed to record the conveyance of their interests before the filing of the lis pendens. General Statutes, § 5746. "Such notice shall, from the time of the recording only, be notice to a purchaser or incumbrancer of the property of the pendency of the action; and each person whose conveyance or incumbrance is subsequently executed or subsequently recorded shall be deemed to be a subsequent purchaser or incumbrancer, and shall be bound by all proceedings taken after the recording of such notice, to the same extent as if he were made a party to the action. . . and, in suits to foreclose mortgages or other liens, the persons whose conveyances or incumbrances are subsequently executed or subsequently recorded shall forfeit their rights there-

under, unless they shall apply to the court in which such action is brought to be made parties thereto, prior to the date when the judgment or decree in such action shall be rendered." The foreclosing mortgagees by the foreclosure acquired the property free and clear of any right of Dery or Helen Arbour to the premises. The property thus acquired the mortgagees could sell and convey and the plaintiff as purchaser succeeded to all their rights. The situation is analogous to that covered by the equitable principle: "If a second purchaser with notice acquires title from a first purchaser who is without notice, and bona fide, he succeeds to all the rights of his immediate grantor." 2 Pomeroy's Equity Jurisprudence (4th Ed.) p. 1554, § 754; *Le Fleur* v. *Chace,* 171 Mass. 59, 60, 50 N. E. 456; *Landigan* v. *Mayer,* 32 Ore. 245, 252, 51 Pac. 649.

As to the claim of the defendant that execution could not have issued against her because she was not a party in the foreclosure suit, it is true that the plaintiffs in that action, not having made the defendant a party, could not, under General Statutes, § 5090, have had execution against her in that action. Not having made the defendant a party, the plaintiffs would have been obliged to commence a separate proceeding against her in order to obtain possession, which is precisely what the present plaintiff, as grantee, has done.

In regard to the claim of the defendant that she is entitled to the improvements made upon the property under General Statutes, § 5034, it is sufficient to say that this precise point was decided by us adversely to the contention of the defendant in *Beach* v. *Osborne,* 74 Conn. 405, 412, 50 Atl. 1019, where it is stated: "Every person who takes a conveyance of an interest in real estate is conclusively presumed to know those facts which are apparent upon the land records concerning the chain of title of the property described

in the conveyance, and . . . this presumption of knowledge is for all legal purposes the same in effect as actual knowledge. The next step of inexorable logic is that in determining the good faith and belief of the person as respects the title to property which he assumes to own, for the purpose of adjusting conflicting equities, his good faith and belief must be one which is consistent with actual knowledge of the facts affecting his title which are apparent upon the land records. He cannot plead ignorance of what the law says he is conclusively presumed to know."

There is no error.

In this opinion the other judges concurred.