RALPH L. FALOUTICO ET AL. *v.* JERRY P. MAHER ET AL.

COTTER, C. J., BOGDANSKI, PETERS, HEALEY and PARSKEY, JS.

Argued November 6—decision released December 9, 1980

*Paul E. Potanka,* for the appellants (defendants).

*Edward W. Manasse,* for the appellees (plaintiffs).

PER CURIAM. The only issue in this appeal is whether the contract for the sale of real estate entered into by the parties is enforceable in light of the statute of frauds, General Statutes § 52-550.[1] The defendants maintain that a contingency clause in the agreement which provided that the agreement was "subject to purchasers obtaining mortgage in amount of $25,000 for 30 years at not more than 8 ½%" rendered the parties' written memorandum too ambiguous, uncertain and indefinite to satisfy the statute.

A memorandum does not satisfy the statute of frauds if it lacks essential terms concerning the performance contemplated by the contract. *Lynch* v. *Davis,* 181 Conn. 434, 438–39, 435 A.2d 977 (1980); Restatement (Second), Contracts § 207 (Tent. Draft 1973). "The function of the statute is

---

[1] The contract in this case was entered into before the effective date of Public Acts 1976, No. 76-69.

evidentiary, to prevent enforcement through fraud or perjury of contracts never in fact made." *Lynch* v. *Davis*, supra.

The clause challenged as uncertain in the present case was not a promise in the agreement to be performed by the parties, but rather was a condition precedent to performance. See *Lach* v. *Cahill*, 138 Conn. 418, 421, 85 A.2d 481 (1951); Calamari & Perillo, Contracts (2d Ed. 1977), pp. 385, 389. Moreover, the condition was fulfilled because the defendants actually obtained a mortgage commitment in the desired amount for thirty years at 8 ½ percent per year. Under these circumstances we need not consider the applicability of the statute of frauds because, if we assume that the statute applied, it was satisfied. *Heyman* v. *CBS, Inc.*, 178 Conn. 215, 220–21, 423 A.2d 887 (1979). The trial court correctly allowed the plaintiffs to enforce the contract.

There is no error.