MICHAEL KASPER ET AL. *v.* JAMES R.
ANDERSON ET AL.
(3412)

HULL, SPALLONE and DALY, Js.

Argued June 13—decision released September 24, 1985

*William F. Gallagher,* with whom, on the brief, were *Robert P. Borquez* and *Jack D. Barnston,* for the appellants (plaintiffs).

*Richard J. Parrett,* with whom was *Gregory P. Kinsella,* for the appellees (defendants).

SPALLONE, J. The plaintiffs appeal from a judgment rendered in favor of the defendants following the granting of the defendants' motion to strike the plaintiffs' substitute complaint.

The factual situation is uncontroverted and may be summarized as follows: the plaintiffs, Michael and Bunny Kasper, entered into a written agreement with the defendants, James and Anitra Anderson, wherein the defendants agreed to sell and the plaintiffs agreed to buy a certain parcel of land.

The sales agreement provided, inter alia, that the "purchase price is to be paid in manner and form as follows: $2,250 non-refundable deposit; $10,000 second purchase money mortgage at 12 per cent interest, payable monthly, principal due in two years; balance by bank teller's check on date of closing hereinafter set forth." The defendants ultimately refused to sell the property to the plaintiffs who, as a result, brought this action to compel specific performance of the sales contract and to enjoin the defendants from selling the property to others.

The defendants moved to strike the original complaint, contending that the contract failed to conform to the requirements of the statute of frauds, General Statutes § 52-550.[1] The trial court granted the motion to strike, finding that the contract provision relating to the second purchase money mortgage was not sufficiently detailed to satisfy the statute. Thereafter, the plaintiffs filed a substitute complaint in which they alleged a modification of the purchase agreement. The alleged modification was in the form of a letter to the defendants, signed by the plaintiffs' attorney, stating that a second purchase money mortgage would not be necessary and that the plaintiffs would provide the entire purchase price in cash. The defendants moved

---

[1] General Statutes § 52-550 provides: "(a) No civil action may be maintained in the following cases unless the agreement, or a memorandum of the agreement, is made in writing and signed by the party, or the agent of the party, to be charged: (1) Upon any agreement to charge any executor or administrator, upon a special promise to answer damages out of his own property; (2) against any person upon any special promise to answer for the debt, default or miscarriage of another; (3) upon any agreement made upon consideration of marriage; (4) upon any agreement for the sale of real property or any interest in or concerning real property; or (5) upon any agreement that is not to be performed within one year from the making thereof.

"(b) This section shall not apply to parol agreements for hiring or leasing real property, or any interest therein, for one year or less, in pursuance of which the leased premises have been or are actually occupied by the lessee, or any person claiming under him, during any part of the term."

to strike the substitute complaint, again on the ground that the alleged agreement violated the statute of frauds. The trial court granted the motion, finding that the purported modification failed to satisfy the statute of frauds since it was not signed by the defendants as the parties to be charged and there was no evidence of mutual assent to the modification. In addition, the court concluded that the provision in the agreement regarding the second mortgage was a promise and a term of the sale subject to the requirements of the statute of frauds, rather than a contingency clause or condition precedent to such agreement as claimed by the plaintiffs.

The threshold question presented to us in this appeal is whether the contested second mortgage clause was a contingency to be fulfilled before the agreement became binding or a promise to be performed by the defendants as one of their contract obligations.

Whether the mortgage clause was a contingency or a promise was "a question of the intent of the parties, to be determined, as a matter of fact, from the language of the contract, the circumstances attending its negotiation, and the conduct of the parties in relation thereto. *Bead Chain Mfg. Co.* v. *Saxton Products, Inc.,* 183 Conn. 266, 274–75, 439 A.2d 314 (1981); *Hughes* v. *Contemporary Mission, Inc.,* 180 Conn. 150, 152, 429 A.2d 827 (1980); *Otto Contracting Co.* v. *S. Schinella & Son, Inc.,* 179 Conn. 704, 709, 427 A.2d 856 (1980); *Brauer* v. *Freccia,* 159 Conn. 289, 293, 268 A.2d 645 (1970)." *Kakalik* v. *Bernardo,* 184 Conn. 386, 393, 439 A.2d 1016 (1981). The determination by the trial court of what the parties intended is a finding of fact "that we must sustain unless it was clearly erroneous in light of the evidence and the record as a whole. Practice Book § 3060D; *Superior Wire & Paper Products, Ltd.* v. *Talcott Tool & Machine, Inc.,* 184 Conn. 10, 17, 441 A.2d 43 (1981); *Stelco Industries, Inc.* v. *Cohen,* 182

Conn. 561, 564, 438 A.2d 759 (1980); *Pandolphe's Auto Parts, Inc.* v. *Manchester,* 181 Conn. 217, 221–22, 435 A.2d 24 (1980)." Id. Under this standard of review, we do not find clearly erroneous the trial court's determination that the language used in the second mortgage provision created a promise, subject to the requirements of the statute of frauds. See *McCormick* v. *Boylan,* 83 Conn. 686, 688, 78 A. 335 (1910); cf. *Faloutico* v. *Maher,* 182 Conn. 448, 438 A.2d 710 (1980).

We also find no error in the trial court's conclusion that the letter seeking to modify the agreement did not satisfy the statute of frauds because it was not signed by the party or the agent of the party to be charged, and thus did not cure the defects originally found to exist in the contract.

In an action to enforce a contract for the sale of real property, the party to be charged, within the meaning of the statute, is the party against whom the contract is to be enforced. 72 Am. Jur. 2d, Statute of Frauds § 364; see *Hodges* v. *Kowing,* 58 Conn. 12, 19, 18 A. 979 (1889). "The party to be charged" refers to "the party to be charged in the legal proceeding, not the party or parties to be bound by the contract." 1 Restatement 2d, Contracts § 135, comment a. In this case, the purported modification was signed by the plaintiffs' attorney, not the parties to be charged in this proceeding, that is, the defendants, or their agent.

Although for purposes of a motion to strike all well pleaded factual allegations are admitted; *Amodio* v. *Cunningham,* 182 Conn. 80, 82, 438 A.2d 6 (1980); this court is not required to accept as true the legal conclusion alleged by the plaintiffs that the agreement was modified by the letter signed by the plaintiffs' counsel. See *Verdon* v. *Transamerica Ins. Co.,* 187 Conn. 363, 365, 446 A.2d 3 (1982).

There is no error.

In this opinion the other judges concurred.