JEFFREY K. TALLMAN ET AL. *v.*
FRANK P. GAWEL ET AL.
(5207)

BORDEN, SPALLONE and DALY, Js.

Argued April 8—decision released May 27, 1987

*Joseph F. Keefe,* for the appellants (plaintiffs).
*Alfred P. Forino,* for the appellees (defendants).

PER CURIAM. In this suit for specific performance of an alleged contract for the sale of real estate, the plaintiffs appeal from the judgment for the defendants following the granting by the trial court of the defendants' motion to strike the complaint. The basis of the trial court's decision on the motion to strike was that the documents in question did not satisfy the statute of frauds.

We have fully considered the plaintiffs' claims on appeal. As disclosed with crystal clarity by the documents attached to the complaint and on which the plaintiffs rely, the defendants' attorney, who was alleged to be their agent acting with authority "to conclude a sale," was not exercising any such authority by his signature on the cover letter. This dispositive conclusion is buttressed by reference to the proposed, unsigned contract to which the attorney's cover letter referred. That document contemplated only the signature of the defendants, not of their attorney. In view of these undisputed documents, none of the allegations of the complaint, taken either singly or together, is susceptible of proof that the attorney's signature on the cover letter was intended to be a signature of the defendants sufficient to satisfy the statute of frauds.

There is no error.