[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT #137
On October 5, 1992, the plaintiff; FGB Realty Advisers, Inc. (FGB Realty);[1] filed a complaint seeking foreclosure[2] of a mortgage on the property known as Lot #10 York Street, Stratford, Connecticut (property).[3] The complaint named the following defendants: Joseph E. Owen; Connecticut National Bank; Pyramid Construction Company;[4] Union Trust Company;[5] and Sultan Realty Company.
On November 30, 1993, Owen filed an answer, special defenses and a counterclaim. On March 31, 1994, and on May 19, 1994, Owen filed revised special defenses. The first special defense alleges that the "court lacks subject matter jurisdiction over the case due to the operation of 12 U.S.C. § 1825(b)(2)." The second special defense alleges that the complaint fails to name parties that hold an ownership interest in the premises as parties. The third special defense alleges that "[t]he complaint fails to state a claim upon which relief can be granted due to the operation of 12 U.S.C. § 1825(b)(2); the operation of the injunction issued by the United States District Court; the failure to name indispensable parties; the failure to honor agreements and accords; the failure to properly credit the CT Page 8900 defendants' accounts with the plaintiff, the failure to conform its acting in compliance with the covenant of good faith and fair dealing and the failure to act in compliance with all pertinent laws, rules, regulations and ordinances." The fourth special defense alleges that FGB Realty has failed to honor agreements and accords that FGB Realty's predecessor in title made. The fifth special defense alleges that the United States District Court, Cabranes, J., has enjoined the defendant from transferring any property. The sixth special defense alleges that 12 U.S.C. § 1825
(b)(2) precludes the foreclosure of a property in which the FDIC holds an interest. The seventh special defense alleges that Owen's liability has been discharged in bankruptcy. The counterclaim alleges that FGB Realty's filing of this action has caused Owen to sustain emotional distress.
On June 7, 1995, FGB Realty filed a motion for summary judgment on the ground that there is no genuine issue of material fact and it is entitled to judgment as a matter of law. FGB Realty filed a memorandum in support of its motion to which were attached seven exhibits, including affidavits from Judy K. Johnson, Joseph A. Zebzda, and Edward Rosenblat.
On June 23, 1995, Owen filed a memorandum in opposition to the motion for summary judgment and his own affidavit.
"Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Barrett v. Danbury Hospital, 232 Conn. 242,250, ___ A.2d ___ (1995). "The party seeking summary judgment has the burden of showing the absence of any genuine issue as to all the material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts." (Citations omitted; internal quotation marks omitted.)Suarez v. Dickmont Plastics Corp., 229 Conn. 99, 105,639 A.2d 507 (1994).
FGB Realty's affidavits and exhibits provide a factual basis CT Page 8901 for each allegation in the complaint. Owen does not contest the allegations in the complaint. Accordingly, the court finds that FGB Realty has established the facts that are necessary to prove its action under the mortgage. This court will now consider whether there is merit to the various special defenses and single counterclaim.
The effect of 12 U.S.C. § 1825 (b)(2) and federal court orders.
Owen asserts that this court does not have subject matter jurisdiction over the case because of 12 U.S.C. § 1825
(b)(2). That section states, in pertinent part, that "[n]o property of the [FDIC] shall be subject to . . . foreclosure . . . without the consent of the [FDIC]. . . ."12 U.S.C. § 1825 (b)(2).
The basis for the FDIC involvement in this case is a federal action. On December 20, 1991, the United States District Court for Connecticut, Cabranes, J., entered an order in F.D.I.C. v.Owen, Docket No. 591CV00748, that restrained Owen and Sultan Realty Company "from transferring, alienating or encumbering any and all property to which [they have] title, possession or control."[6] On October 4, 1994, the United States District Court for Connecticut, Eagan, J., granted FGB Realty's "motion for leave to foreclosure property located at Lot #10 York Street, Stratford, Connecticut."[7] The court noted that the FDIC did not object.
The court finds that 12 U.S.C. § 1825 (b)(2) does not prevent FGB Realty from foreclosing this property. Accordingly, the court rules that the first special defense (subject matter jurisdiction); part of the third special defense (failure to state a claim upon relief can be granted); another part of the third special defense (the operation of the injunction issued by the United States District Court; the fifth special defense (the injunction issued by the United States District Court); and the sixth special defense (the operation of 12 U.S.C. § 1825
(b)(2) lack merit and do not preclude entering summary judgment on the complaint).
The failure to name indispensable parties.
In Owen's second special defense and part of Owen's third special defense, he alleges that FGB Realty failed to name indispensable parties to this action. Owen alleges that the CT Page 8902 tenants who reside at the property and either Future Education Generation, Inc., or Education Future, Inc. have an ownership interest in the property. Owen's memorandum in opposition does not discuss these special defenses.
FGB Realty presented the affidavit of Joseph A. Zebzda, a title searcher. Zebzda states that he searched the Stratford land records on May 10, 1995. His review reveals that on September 25, 1992, the day the plaintiff filed a lis pendens, Sultan Realty Company owned the premises.
The Zebzda affidavit indicates that neither Future Education Generation, Inc., nor Education Future, Inc. recorded an interest in the property. Accordingly, these two parties are not necessary parties. See Bristol Lumber Co. v. Dery, 114 Conn. 88, 92,157 A. 640 (1931). Practice Book § 186 does not require that the tenants at a property be made parties to a foreclosure action. Accordingly, the court finds that these allegations do not prevent FGB Realty from foreclosing on the property.
The effect of agreements and accords.
Owen alleges in part of his third special defense and in his fourth special defense that FGB Realty failed to honor certain agreements and accords that FGB Realty's predecessor in title made. Owen contends that these agreements and accords prevent FGB Realty from foreclosing on the mortgage and note.
In its motion for summary judgment, FGB Realty offers three arguments for finding that this special defense does not prevent the court from entering summary judgment on its complaint. First, FGB Realty contends that there are not any facts to support this special defense. Second, the statute of frauds prevents the enforcement of this agreement. Third, the special defense is invalid because it does not attach the making, validity or enforcement of the note.
Owen responds to these arguments. Owen submitted an affidavit that refers to a "specific agreement" between himself and FGB Realty's predecessor in interest. He also argues that inequitable conduct, such as not honoring an agreement, forbids foreclosure.
"No civil action may be maintained in the following cases unless the agreement, or a memorandum of the agreement, is made in writing and signed by the party, or the agent of the party, to be CT Page 8903 charged: . . . (6) upon any agreement for a loan in an amount which exceeds fifty thousand dollars." General Statutes § 52-550 (a).
In this case the promissory note exceeds fifty thousand dollars. Accordingly, the promissory note should be written. A modification to the promissory note must also be written. Kasperv. Anderson, 5 Conn. App. 358, 362, 492 A.2d 132, cert. denied,197 Conn. 818, 501 A.2d 388 (1985).
Owen has not presented a written agreement or a written memorandum of an agreement with FGB Realty's predecessor in interest. Owen allegation in his affidavit that he agreed to a "specific agreement" fails to raise a genuine dispute about a material fact because the statute of frauds prevents the enforcement of the agreement.[8]
Accordingly, the special defense concerning another agreement does not prevent this court from entering summary judgment on the complaint.
The breach of the covenant of good faith and fair dealing.
In Owen's response, which is dated April 21, 1995, to FGB Realty's second request for interrogatories and production, which is dated March 17, 1995, Owen states that FGB Realty failed to comply with its covenant of good faith and fair dealing by "fail[ing] to honor terms of the agreement" that modified, orally, the original promissory note. (FGB Realty has incorporated Owen's response as exhibit 6 to its motion for summary judgment.) In his affidavit, Owen again states that FGB Realty has breached the covenant of good faith and fair dealing by not honoring this agreement.
This "special agreement" is not enforceable because of the statute of frauds, the covenant of good faith and fair dealing is also not enforceable. This special defense does not bar the entry of judgment on the complaint.
The effect of proper credits to Owen's accounts.
Part of Owen's third special defense alleges a "failure to properly credit [Owen's] accounts with" FGB Realty. Owen's affidavit does not refer to any credits that were not properly recorded with FGB Realty. In Owen's memorandum, he argues that "the defense for payment is a valid one recognized under Practice CT Page 8904 Book § 164. The Defendants are not required to prove their case at this time but simply raise an issue of fact."
In FGB Realty's memorandum in support of the motion for summary judgment, it responds to this special defense. First, FGB Realty points out that Owen has failed to support this allegation with any facts in various production requests that FGB Realty filed. Second, FGB Realty relies on the affidavit of Judy K. Johnson, which is exhibit 1, to prove that it credited each payment properly.
"When a motion for summary judgment is supported by affidavits and other documents, an adverse party, by affidavit or as otherwise provided by [Practice Book] § 380, must set forth specific facts
showing there is a genuine need for trial, and if he does not so respond, the court is entitled to rely upon the facts stated in the affidavit of the movant." (Emphasis added.) Bartha v. WaterburyHouse Wrecking Co., 190 Conn. 8, 11-12, 459 A.2d 115 (1983); see also Hetkowski v. Aetna Life and Casualty Co., 224 Conn. 145, 149,617 A.2d 451 (1992).
In this case, Owen affidavit fails to set forth specific facts that indicate that he made payments under the promissory note that were not credited to his account. Accordingly, the court relies on Johnson's affidavit to find that each payment was credited correctly.
Also, the special defense about improper credits does not prevent this court from entering summary judgment on the complaint.
The failure to act in compliance with all pertinent laws.
In part of its third special defense, Owen alleges that FGB Realty has failed "to act in compliance with all pertinent laws, rules, regulations and ordinances." Owen does not refer to any laws in his affidavit. In his memorandum, Owen does not cite to any violation, except for a violation of 12 U.S.C. § 1825 (b)(2), which has already been discussed.
Because Owen has failed to present specific facts about this special defense; Bartha v. Waterbury House Wrecking Co., supra,190 Conn. 11-12; and because he failed to brief this issue; Gaudet v.Safeco Ins. Co., 219 Conn. 391, 403, 593 A.2d 1362 (1991); the court finds that this special defense does not prevent the court from granting judgment on the complaint. CT Page 8905
Bankruptcy
In Owen's seventh special defense, which is dated November 30, 1993, he alleges that he "discharged in bankruptcy all liability owed under the subject note." Neither his affidavit nor his memorandum in opposition refer to bankruptcy as a defense.
Bankruptcy law does not prevent the holder of a valid, unavoided prepetition lien from enforcing that lien. See11 U.S.C. § 506 (a);[9] see also 4 A. Herzog L. King, Collier Bankruptcy Practice Guide § 75.02[4] (1989). The court does not have to consider whether bankruptcy law would discharge Owen's personal liability under the promissory note because FGB Realty is not seeking a deficiency judgment against him.
Accordingly, the seventh special defense does not prevent the court from entering judgment on the complaint.
Counterclaim
The basis for the counterclaim is that after Owen received a discharge in bankruptcy, FGB Realty asserted a cause of action against him. As explained above, FGB Realty is permitted to seek foreclosure of the mortgage on the property. The court finds, as a matter of law, that Owen cannot recover on its counterclaim.
The court grants FGB Realty's motion for summary judgment on the complaint and also FGB Realty's motion for summary judgment on Owen's counterclaim.
RICHARD J. TOBIN, JUDGE