[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (#111)
On May 31, 1995, the plaintiff, Audrey Longo, filed an amended complaint alleging three counts against the defendants, Zoltan Toman, Linda Toman, and Elizabeth Mester. In the first and second counts, the plaintiff alleges a breach of an agreement to convey real estate. To support her claim, in the first count, the plaintiff alleges partial performance of the contract which removes the agreement from the strict requirements of the Statute of Frauds. In the second count, the plaintiff alleges that the combination of certain writings constitute writing sufficient to satisfy the Statute of Frauds. In the third count, the plaintiff alleges conversion on the part of the defendants because she was unable to remove her property from the premises before she was ejected from the premises.
In her complaint, the plaintiff alleges that the defendants are owners of two parcels of land upon which the plaintiff operated a restaurant. The defendants listed the property for sale. The plaintiff and the defendants entered into an oral agreement for the plaintiff to purchase the property. The agreement was reduced to writing in an offer to purchase. The offer to purchase, signed by the plaintiff, and a $3,300.00 check, which was one percent of the CT Page 12388 agreed purchase price, were sent to the defendant.
On February 27, 1995, the defendants returned the plaintiff's original $3,300.00 conditional deposit and repudiated the agreement to sell the premises to the plaintiff. Since that date, the defendants have refused to take any steps in furtherance of selling the premises to the plaintiff despite her representations that she is ready, willing and able to purchase the premises.
On July 20, 1995, the defendants filed a motion for summary judgment on the first and second count, a memorandum of law in support of the motion, selected portions of the plaintiff's deposition, a copy of an offer to purchase, a copy of a contract to sell, and other documentary evidence. The plaintiff filed a memorandum of law in opposition dated August 2, 1995, an affidavit of the plaintiff, and other documentary evidence. On July 27, 1995, the defendants filed a supplemental memorandum of law.
The motion for summary judgment is "designed to eliminate delay and expenses of litigating an issue when there is no real issue to be tried." Wilson v. New Haven, 213 Conn. 277, 279,567 A.2d 829 (1989). Summary judgment is appropriate when "`the pleadings, affidavits and other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Suarez DickmontPlastics Corporation, 229 Conn. 99, 105, 639 A.2d 507 (1994). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts." Id., 105-06.
The defendants argue that the contract upon which the plaintiff relies in bringing the present action is unenforceable pursuant to the Statute of Frauds. General Statutes § 52-550, Connecticut's codification of the Statute of Frauds, provides in part:
 (a) No civil action may be maintained in the following cases unless the agreement, or a memorandum of the agreement, is made in writing and signed by the party . . . to be charged . . . (4) upon any agreement for the sale of real property or any interest in or concerning real property. . . .
"The [S]tatute of [F]rauds requires that the essential terms and CT Page 12389 not every term of a contract be set forth therein. . . . The essential provisions of a contract are the purchase price, the parties, and the subject matter for sale." (Citations omitted.)Fruin v. Colonnade One at Old Greenwich Ltd., 38 Conn. App. 420,426, ___ A.2d ___ (1995). The exchange of correspondence between parties may confirm the existence of a contractual relationship between them. See Id., 427.
The February 9, 1995 letter from the defendants' attorney stated "Sellers have agreed to sell to your clients as provided in the enclosed contract." An attorney may act as an agent for a client. See Tallman v. Gawel, 11 Conn. App. 801, 802,526 A.2d 535 (1987). Whether the defendants' attorney was acting as an agent of the defendants in signing the February 9, 1995 letter is a question of fact. The documentary evidence, specifically the February 9, 1995 letter, may demonstrate that the integrated writings constitute a writing sufficient to enforce the agreement despite the Statute of Frauds.
The defendants, in moving for summary judgment, also contend that the plaintiff's argument of partial performance must fail because she did not comply with many of the requirements set out in the offer to purchase. They assert that the deposit was sent on February 10, 1995, twenty-eight days after the offer to purchase stated it was open. The defendants also argue that they did not sign the offer to purchase, and therefore, it does not constitute an enforceable contract. The defendants further contend that they sent a contract to sell to the plaintiff, which provided that the contract must be returned in executed form by the close of business on February 17, 1995, or, at the option of the defendants, the agreement would be void.[1] They assert that the contract of sale required a deposit of $29,700.00 by February 17, 1995. They also assert that even the bank mortgage commitment dated May 22, 1995, was long after the offer was rejected and was in fact $83,000.00 short of the proposed purchase price.
In response, the plaintiff argues that she complied with the offer to purchase, but that the defendants never returned the offer to purchase as required by the provisions of the document itself. She contends that notwithstanding the non-compliance with the provisions of the offer to purchase, the defendants consistently reaffirmed the contract. She asserts that this demonstrates that strict compliance with the dates set out in the writings was not mandated by the understanding of the parties. CT Page 12390
Furthermore, the plaintiff argues that she sufficiently demonstrated the existence of the contract to sell the property. She hired an environmental service company to provide a survey of the premises. She also obtained a commercial mortgage for the property which was approved on April 3, 1995, and a loan commitment was issued on April 4, 1995, for $214,000.00. The defendants had knowledge of the plaintiff's efforts to expedite the sale.
Our Supreme Court has set out an exception to the requirements of the Statute of Frauds:
 We have held that acts on the part of the promisee may be sufficient to take a contract out of the statute if they are such as clearly refer to some contract in relation to the matter in dispute. . . . The doctrine of part performance arose from the necessity of preventing the statute against frauds from becoming an engine of fraud. The acts of part performance must be such as are done by the party seeking to enforce the contract, and with the design of carrying the same into execution, and must also be done with the assent, express or implied, or the knowledge of the other party, and be such acts a alter the relations of the parties. . . . The acts must also be of such a character that they can be naturally and reasonably accounted for in no other way than by the existence of some contract in relation to the subject matter in dispute.
(Citations omitted; internal quotation marks omitted.) Ubysz v.DiPietro, 185 Conn. 47, 54, 440 A.2d 830 (1981). "The modern tendency is to deemphasize particular kinds of acts as formulae for the application of an equitable doctrine designed to relieve one who has reasonably relied upon a promise of another from a substantial detriment entailed by the change of position so induced." Breen v. Phelps, 186 Conn. 86, 96, 429 A.2d 1066 (1982). "Whenever acts of part performance are made out which thus point to a contract, the door is open, and the plaintiff may introduce additional parol evidence directed immediately to the terms of the contract relied upon. . . ." (Internal quotation marks omitted.)Greene v. Scott, 3 Conn. App. 34, 37, 484 A.2d 474 (1984).
In the present case, the plaintiff's evidence raises issues of fact as to whether there has been partial performance sufficient to take the contract out of the Statute of Frauds. Therefore, the plaintiff has demonstrated the existence of a contract to allow the CT Page 12391 plaintiff to introduce parol evidence directed immediately to the terms of the contract relied upon.
For the foregoing reasons, the court denies the defendants' motion for summary judgment in its entirety.
RICHARD J. TOBIN, JUDGE