[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendants move to strike the first and fourth counts of the plaintiffs' amended complaint. The first count alleges that the plaintiffs and defendants were the sole shareholders of a corporation; that the parties "impliedly agreed" to share equally and from personal funds the corporation's expenses which corporate revenues were insufficient to cover; that such corporate debts accrued; that the plaintiffs personally paid these debts; that the plaintiffs demanded reimbursement from the CT Page 1702-E defendants for one-half of these payments; and that the defendants have refused to pay their one-half share. The fourth count alleges that the corporation and the parties executed an indemnification agreement with Utica Mutual Ins. Co. (Utica); that the agreement jointly and severally obligated the parties and the corporation to indemnify Utica relating to a bond issue; that Utica made payments pursuant to the indemnification agreement and made demand for reimbursement from the parties; that the plaintiffs paid Utica an additional $500; and, that the defendants have refused to reimburse the plaintiffs for this $500 payment. The defendants contend that these counts are legally deficient because the complaint lacks any allegations supporting the existence of an implied contract and because any such unwritten agreement is unenforceable under the statute of frauds.
A motion to strike challenges the legal sufficiency of a pleading and admits all facts well pleaded. Mingachos v. CBS,Inc., 196 Conn. 91, 108 (1985). The allegations under attack by the motion are entitled to the same favorable construction as is afforded the determination of admissibility of evidence, and, if the facts provable under the pleading support a cause of action, CT Page 1702-F the motion must fail. Id., 108 and 109. A motion to strike does not admit legal conclusions, however. Id.
As the first ground for the motion to strike, the defendants argue that it is essential for the plaintiffs to plead the specific, underlying facts from which the existence of an implied contract, a legal conclusion, may be inferred. The court agrees.
A true implied contract exists only in the absence of an express contract. Freda v. Smith, 142 Conn. 126, 134 (1955). An unspoken agreement arises when a party renders services under such circumstances, indicating that that party expects compensation and the recipient, knowing of the circumstances, avails himself of the benefit of the services. Id. Such contract may be implied in law or in fact. In this case, the plaintiffs make no claim that a contract arose from operation of law.
A contract implied in fact, like an express contract, depends on actual agreement. Therrien v. Safeguard Mfg. Co.,180 Conn. 91, 94 (1980). Such a contract may be inferred from words or conduct. Alpha Crane Services v. Capitol Crane, 6 Conn. App. 60, CT Page 1702-G 81 (1986). The first and fourth counts of the amended complaint are devoid of allegations concerning the circumstances from which one can infer that the defendant tacitly agreed to reimburse the plaintiffs for one-half the sums they claim to have personally expended in behalf of the fledgling corporation. In order to state a cause of action for breach of an implied contract, the complaint must allege that oral representations or conduct by the parties imply that the defendants agreed to undertake the sharing of corporate debts personally. Therrien v. Safeguard Mfg. Co.,
supra. A similar holding occurred in D'Ulisse-Cupo v. Board ofDirectors of Notre Dame High School, 202 Conn. 206, 213 and 214 (1987). Consequently, the first and fourth counts of the complaint fail to state a cause of action under an implied contract, and the motion to strike is granted on that basis.
Even though the court has reached this conclusion with respect to the first ground, the court will address the second ground offered by the defendants in support of their motion. The defendants also claim that an unwritten contract under the first and fourth counts is unenforceable by virtue of C.G. § 52-550
(a), the Connecticut statute of frauds. Our statute of frauds CT Page 1702-H provides that "[n]o civil action may be maintained . . . unless the agreement, or a memorandum of the agreement, is made in writing and signed by the party . . . to be charged . . . against any person upon any special promise to answer for the debt . . . of another." In the present case, the plaintiffs assert that the defendant tacitly agreed to pay for one-half of the outstanding debts of the corporation generally and under the indemnification agreement with Utica.
The issue of whether an agreement is voidable under the statute of frauds may be raised by a motion to strike. Breen v.Phelps, 186 Conn. 86 (1982); Tallman v. Gawel, 11 Conn. App. 801
(1987); Kasper v. Anderson, 5 Conn. App. 358 (1985). Partial performance, however, if sufficiently alleged, may remove a contract from the provisions of the statute of frauds. Breen v.Phelps, supra, 94. In the context of a motion to strike, the court must determine whether the facts provable within the framework of the complaint, viewed in light favorable to the pleader, brings the case within this exception to the statute of frauds. Id. The first and fourth counts clearly aver that the plaintiffs have partly performed the agreement by paying the CT Page 1702-I corporate debts from their personal funds. This purported conduct, if true, would place the agreement outside the operation of the statute of frauds. The court would deny the motion to strike were this the only basis for it.
For these reasons, the motion to strike is granted.
Sferrazza, J.