[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION FOR SUMMARYJUDGMENT, DATED JANUARY 14, 1997.
ISSUE
CT Page 880
Should the defendants' motion for summary judgment be granted because no genuine issue of material fact exists and they are entitled to judgment as a matter of law?
FACTS
On June 22, 1993, the plaintiffs, Richard and Denise Ballard, and Asset Recovery Management Company (ARMCO) entered into a real estate purchase agreement whereby the plaintiffs agreed to purchase a newly constructed residence at lot #6, Fair Oaks Estate, New Milford, Connecticut. Paragraph XIV of the addendum to the contract stated that "in addition to any contingencies hereinbefore set forth, this agreement is contingent on the showing to the buyer's satisfaction:
 (d) installation of a private roadway known as Fair Oaks Road, in accordance with specifications of the Town of New Milford Road Ordinance, with the exception of the width requirement for such roadways."
The attorney for ARMCO sent the plaintiffs' attorney a dated September 2, 1993, stating that ARMCO was willing to close on the sale but for the construction of Fair Oaks Road. According to ARMCO's attorney, ARMCO was unable to build the road because it was owned by the Town of New Milford, and the subdivision owner, who was given permission to build the road, was unable to build it because he was in bankruptcy and lacked the resources.
As a result, The plaintiffs did not close and instead on October 18, 1993, commenced this action. Thereafter, on June 29, 1994, the plaintiffs filed a four count amended complaint against the defendants, ARMCO, New Milford Savings Bank (bank) and Vincent McCarthy. Count one was for specific performance. Count two alleged that on September 28, 1993, ARMCO executed a mortgage in favor of the bank, in the amount of $400,000, with the intent to hinder, delay or defraud a creditor, in violation of General Statutes § 52-552a et seq. The third count alleged a violation of Connecticut's Unfair Trade Practices Act (CUTPA) by ARMCO and the Bank. The fourth count, which was subsequently dismissed, alleged a CUTPA claim against Vincent McCarthy.
The defendants, on January 15, 1997, filed this motion for summary judgment. The defendants move for summary judgment as to CT Page 881 the remaining three counts on the ground that no genuine issue of material fact exists and that they are entitled to judgment as a matter of law. With their motion, the defendants filed a memorandum support along with a copy of the real estate purchase agreement and the affidavits of Walter Whitney. In response, the plaintiffs filed a memorandum opposition along with the affidavit of Richard Gradowski.
DISCUSSION
"Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Citation omitted.) Doty v. Mucci,238 Conn. 800, 805, 679 A.2d 945 (1996). A material fact is a fact that will make a difference in the result of the case. Hammer v.Lumberman's Mutual Casualty Co., 214 Conn. 573, 578, 573 A.2d 699
(1990). "The party seeking summary judgment has the burden of showing the absence of any genuine issue of material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law." (Citation omitted.) Doty v.Mucci, supra, 805. "[T]he party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." Suarez v. Dickmont PlasticsCorp., 229 Conn. 99, 105, 639 A.2d 507 (1994). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party . . ." (Citation omitted.) Doty v. Mucci, supra, 805.
Count One
The question presented to this court is whether paragraph XIV is a condition precedent or a promise. The provision at issue was drafted by the Ballards' counsels. The plaintiffs contend that since this provision was drafted for the benefit of the buyer, it cannot provide the defendants with a means to terminate the contract. Therefore, according to the plaintiffs, the intent was to provide the buyer with enforceable rights.
The defendants argue that paragraph XIV is a condition precedent and cite Feinberg v. Berglewicz, 32 Conn. App. 857,632 A.2d 709 (1993), and K.A. Thompson Electric Co. v. Wesco, Inc.,27 Conn. App. 120, 604 A.2d 828 (1992), for the proposition that failure to comply with the contingency renders the contract null CT Page 882 and void and unenforceable by either party. "A condition precedent is a fact or event which the parties intend must exist or take place before there is a right to performance . . . A condition is distinguished from a promise in that it creates no right or duty in and of itself but is merely a limiting or modifying factor . . . If the condition is not fulfilled, the right to enforce the contract does not come into existence." (Citations omitted.) Lach v. Cahill, 138 Conn. 418, 421,85 A.2d 481 (1951)." K.A. Thompson Electric Co., Wesco, Inc., supra, 124.
Whether a "clause [is] a contingency or a promise [is] a question of intent of the parties, to be determined, as a matter of fact, from the language of the contract, the circumstances attending its negotiation, and the conduct of the parties n relation thereto." (Citations omitted.) Kasper v. Anderson,5 Conn. App. 358, 361, 498 A.2d 132, cert. denied 197 Conn. 818,501 A.2d 388 (1985). Accordingly, this court finds that since the issue of whether paragraph XIV is a condition precedent or a promise is a question of intent of the parties, a genuine issue of material fact exists precluding the granting of summary judgment as to count one.
Count Two
The defendants admit that on September 28, 1993, ARMCO executed a mortgage on the property at issue in favor of the bank to secure a promissory note from ARMCO to the bank, in the amount of $400,000, and recorded at Volume 479, page 690 of the land records of the Town of New Milford. The mortgage was recorded by Walter Whitney, who was both an officer of ARMCO and the bank.
General Statutes § 52-552e(a), Uniform Fraudulent Transfer Act, states that a transfer made or obligation incurred by a debtor is fraudulent as to a creditor, if the creditor's claim arose before the transfer was made or the obligation was incurred and if the debtor made the transfer or incurred the obligation: (1) with actual intent to hinder, delay or defraud any creditor of the debtor. Moreover, subsection b) states that in determining actual intent, consideration may be given to whether the transfer or obligation was to an insider and whether the debtor retained possession or control of the property transferred. Whether a conveyance was fraudulent is purely a question of fact. Picataggio v. Romeo, 36 Conn. App. 791, 793,654 A.2d 382 (1955). CT Page 883
The placement of the mortgage on the property shortly before the plaintiffs' commenced this action, the fact that Walter Whitney was an officer for both ARMCO and the bank, and the fact that ARMCO retained possession of the property, creates a question of fact as to the defendants' intent when they placed the mortgage on the property.
Count Three
The Appellate Court has held that the recording of a fraudulent document on the land records can support a CUTPA claim. Francoline v. Klatt, 26 Conn. App. 203, 600 A.2d 8
(1991). "In construing General Statutes 42-110b, we look not only to precedent set by the courts of Connecticut, but also to the interpretations given by the federal courts and the Federal Trade Commission to § 5(a)(1) of the Federal Trade Commission Act. General Statutes § 42-110b(b). In FTC v. Sperry Hutchinson Co., 405 U.S. 233, 92 S.Ct. 898, 31 L.Ed.2d 170
(1972), the United States Supreme Court construed § 5 of the Federal Trade Commission Act and cited three factors the FTC considers in determining whether a practice that is neither in violation of the antitrust laws nor deceptive is nonetheless unfair: (1) whether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, The common law, or otherwise — whether, in other words, it is within at least the penumbra of some common-law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers (or competitors or other businessmen). Statement of Basis and Purpose of Trade Regulation Rule 408, Unfair or receptive Advertising and Labeling of Cigarettes in Relation to the Health Hazards of Smoking. 29 Fed. Reg. 8355 (1964). Id., 244-45 n. 5." (Internal quotations omitted.) Prishwalko v. BobThomas Ford, Inc., 33 Conn. App. 575, 584, 636 A.2d 1383 (1994).
"These three factors, known as the cigarette rule," have been adopted by the courts of this state as criteria in determining whether a practice violates CUTPA. A prospective plaintiff need not satisfy all three of the criteria; `[a] practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three.'" (Citations omitted.) Prishwalko v. Bob Thomas Ford,Inc., supra, 33 Conn. App. 584-85. "Whether a practice is unfair CT Page 884 and thus violates CUTPA is an issue of fact." (Citations omitted.) Vezina v. Nautilus Pools, Inc., 27 Conn. App. 810, 820
(1992). Accordingly, whether the placement of the mortgage violates one of the three factors enumerated in the cigarette rule is a question of fact, which precludes the granting of summary judgment as to count three.
In conclusion, this court finds that a genuine issue of material fact exists with regard to all three counts; therefore, the defendants motion for summary judgment is denied.
WALSH, J.