[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
A. BACKGROUND
In this action the plaintiff claims the defendant breached a contract for the sale of land, and as a remedy seeks an order from the court that the defendant convey the land to the plaintiff. The defendant alleges that the contract referred to in the plaintiff's revised complaint is unenforceable in that it fails to satisfy the Statute of Frauds, Sec.52-550 of the Conn. Gen. Statutes. CT Page 10205
The defendant, in her trial brief, further alleges that the plaintiff, by not responding to her request to admit that the Agreement to Sell and Purchase Real Estate does not contain a legal description of the lot which satisfies the Statute of Frauds, is deemed to have admitted the matter, as set forth in Sections 13-22, 13-23, and 13-24 of the Conn. Practice Book. The court will not consider this claim because the defendant has waived it.
 The plaintiff further waived his right to rely on the preclusive effect of Practice Book § 239 by failing to object when the defendants introduced evidence at trial that directly contradicted the content of the plaintiff's requested admissions.
Larson v. Fazzino, 216 Conn. 431, 435 (1990).
For the purposes of the instant case, the language of Section 239 of the 1990 Conn. Practice Book is the same as the current Practice Book, Section 13-23.
When the plaintiff introduced evidence that the contract did adequately describe the property to be conveyed, the defendant did not object on the grounds that this testimony was directly opposite to the preclusive effect of the admissions (made by the plaintiff because of his failure to respond to the Request) that the defendant now seeks to have held against the plaintiff. Furthermore, at no point in the trial was the issue of admissions under Sect. 12-23 of the Conn. Practice Book even mentioned.
B. FACTS
After reviewing the trial testimony, the documents received into evidence, the summations and trial briefs of counsel, and having evaluated the credibility of the various witnesses, the court finds the following facts.
On October 4 and October 5, 1999 the parties executed a contract for the sale and purchase of a lot in Litchfield, CT, described as "5.49 acres on Beach Street." Under the contract heading, "other conditions,' were the words "Seller to provide survey map and lot must be an approved lot of the Town of Litchfield." The closing was to take place "AT SELLER'S CONVENIENCE."
On October 14, 1999, pursuant to the contract, defendant's attorney faxed to plaintiff's attorney a copy of a survey map which showed two parcels, F-2-B, 5.492 acres, and the adjacent parcel F-1, 2.000 acres, a total of 7.492 acres. He also faxed to plaintiff's attorney a legal CT Page 10206 description taken from the 1992 deed into his client, which gave a legal description of First Piece Parcel F-2-B as being 5.492 acres, more or less, and designated this parcel "as parcel F-2-B on a certain map' (the map referred to in the above described survey map, which is plaintiff's exhibit 4). This same deed also described SECOND PIECE: Parcel F-1, containing two acres, again referring to the same survey map; thus a total of 7.492 acres.
These two parcels had been merged into one piece in 1983, but due to an error, the 1992 deed into the defendant described the two parcels separately. This error was harmless, because whether described as one piece or two, the land conveyed was exactly the same.
After the above evidence was admitted, the plaintiff rested. The defendant moved for dismissal for failure to make out a prima facie case. The court reserved decision, but now denies the motion because there was prima facie evidence of a meeting of minds at the time the contract was signed. The plaintiff needed only the survey map the defendant agreed in the contract to provide, to find out the exact description. The defendant had to have known she owned 7.492 acres, which, prior to merger, consisted of a two-acre parcel and a 5.49 acre parcel. Her attorney sent plaintiff's attorney nine days after the agreement was signed, 2 documents showing the 5.49 acre parcel and the 2 acre parcel. She also had to have known that in the deed to her, the land was described as two separate parcels (2.000 acres and 5.492 acres, more or less).
Additional facts found are that she knew her house, septic, well and pool were on the two-acre parcel. She knew Litchfield zoning regulations required her to keep two acres as her building lot. When she listed the property for sale as being 5.49 acres, she knew full well that it was specifically the first parcel described in the deed to her in 1992. The fact that the two parcels had been merged does not subtract from the specificity of the 5.49 acres. The court does not believe the defendant's testimony that she didn't know how the 5.49 acres would be carved out of the total of 7.492. The court bases this conclusion on the unlikelihood of the testimony being true and the defendant's demeanor while being questioned on this point.
The plaintiff also understood when he signed the purchase agreement that he was contracting to buy a 5.49 acre lot owned by the defendant on Beach Street, and that this lot was separate from the lot on which the defendant's house was located. lie knew it was a specific lot, which would be shown on a survey map to be provided by the seller pursuant to the contract, which was provided and which clearly described the 5.49 acre lot. CT Page 10207
C. CONCLUSIONS
1. Did the parties have a meeting of minds?
 In order for an enforceable contract to exist, the court must find that the parties' minds had truly met. Hoffman v. Fidelity Casualty Co., 125 Conn. 440, 443-44, 6 A.2d 357
(1939); Zahornacky v. Edward Chevrolet, Inc., 37 Conn. Sup. 751, 753-54, 436 A.2d 47 (1981); see also Bridgeport Pipe Engineering Co. v. DeMatteo Construction Co., 159 Conn. 242, 249, 268 A.2d 391 (1970). "If there has been a misunderstanding between the parties, or a misapprehension by one or both so that their minds have never met, no contract has been entered into by them and the court will not make for them a contract which they themselves did not make." Hoffman v. Fidelity Casualty Co., supra. "`[A]n agreement must be definite and certain as to its terms and requirements.'" Dunham v. Dunham, 204 Conn. 303, 313, 528 A.2d 1123 (1987).
Fortier v. Newington Group, Inc., 30 Conn. App. 505, 510 (1993)
It is fundamental in contract law and in achieving mutuality of assent that parties to a contract may incorporate into their agreement the terms and conditions of another document by referral
Loomis Loomis, Inc. v. Stecker Colavecchio Architects, Inc.,6 Conn. App. 88, 91 (1986).
 Our courts prefer interpretations that find agreements sufficiently definite to satisfy the statute of frauds. See Montanaro Bros. Builders, Inc. v. Snow, 190 Conn. 481, 485-86, 460 A.2d 1297 (1983). Moreover, "a contract is enforceable, despite the statute [of frauds], when, subsequent to the making of the contract, there has been conduct that amounts to part performance." Heyman v. CBS, Inc., 178 Conn. 215, 222, 423 A.2d 887 (1979). The exchange of correspondence between the parties after the signing of the contract confirms the existence of a contractual relationship between them.
 Fruin v. Colonnade One at Old Greenwich Ltd. Partnership38 Conn. App. 420, 427 (1995).
Based upon facts found earlier in this opinion, the court concludes that there was a meeting of minds and an enforceable contract entered CT Page 10208 into by the parties.
2. Was the agreement sufficiently definite to satisfy the Statute of Frauds?
 We have previously determined that "[t]he description of land contained in a contract of sale or any option to purchase is sufficiently definite to satisfy the requirements of the Statute of Frauds whenever it is reasonably certain from the contract itself, or can be made certain through reference to record, contract, map or fact, by resort to extraneous evidence thereof, whether oral or written. " (Emphasis added; internal quotation marks omitted.) Foley v. Huntington Co., 42 Conn. App. 712, 735, 682 A.2d 1026, cert. denied 239 Conn. 931, 683 A.2d 397 (1996).
 Levesque Builders, Inc. v. Hoerle, 49 Conn. App. 751, 757 (1998).
a. The description of the lot has been made sufficiently clear by reference to the survey map and legal description faxed to plaintiff's counsel by defendant's counsel 9 days after the agreement was signed. This confirmed the existence of a contract. The agreement was highly specific, to the hundredth of an acre, and the faxed material made it crystal clear what and where the 5.49 acres were.
b. The contract provided that transfer of title "shall take place on or before AT SELLERS CONVENIENCE." The defendant argues that the lack of a closing date renders the contract unenforceable.
 "A memorandum does not satisfy the statute of frauds if it lacks essential terms concerning the performance contemplated by the contract." Faloutico v. Maher, 182 Conn. 448, 448, 438 A.2d 710 (1980); Robert Lawrence Associates, Inc. v. Del Vecchio, 178 Conn. 1, 11, 420 A.2d 1142 (1979), However, "[t]he mere absence of a time for performance in a contract of sale does not ordinarily make it unenforceable, because the law will imply a reasonable time for performance if none has been specified." Breen v. Phelps, 186 Conn. 86, 93, 439 A.2d 1066 (1982); see also Parkway Trailer Sales, Inc. v. Wooldridge Bros., Inc., 148 Conn. 21, 26, 166 A.2d 710
(1960). Thus, because the law implies a reasonable time to perform when a time for performance is not stated, this contract did not fail to comply with the statute of frauds.
Christopherson v. Blount, 216 Conn. 509, 512 (1990). CT Page 10209
The obligation under this contract is that performance take place within a reasonable time. Furthermore, the words "SELLERS CONVENIENCE," are the defendant's words and obviously for her benefit.
 . . . the language of a contract is typically construed most strongly against the party whose language it is and for whose benefit it was inserted.
Sturman v. Socha, 191 Conn. 1, 9 (1983).
ORDER
Since the court finds the agreement to sell to be an enforceable contract, the defendant is ordered to transfer title to the plaintiff, in accordance with the agreement, of the land described in Exhibit B of the Revised Complaint dated October 31, 2000.
 _________________ Walsh, J.